UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **GILBERT ROMAN,** Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM, INC. and**<br>**AMAZON.COM SERVICES LLC,**<br><br>Defendants. | **CASE NO. 8:24-cv-00540 SDM-AAS** |

**DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF
<u>POINTS AND AUTHORITIES</u>**

## **TABLE OF CONTENTS**

Page

MOTION TO DISMISS COMPLAINT ------------------------------------------------------- 1

MEMORANDUM OF POINTS AND AUTHORITIES ---------------------------------- 1

I. INTRODUCTION ------------------------------------------------------------------- 1

II. PROCEDURAL BACKGROUND ----------------------------------------------- 2

III. ARGUMENT -------------------------------------------------------------------------- 3

    A. Legal Standard ------------------------------------------------------------- 3

    B. Roman's Copyright Infringement Claim Must Be Dismissed -------------------------------------- 4

        1. The SAC Fails To Allege Any Work Has Been Registered By The Copyright Office --------------------- 4

        2. The SAC Fails To Plausibly Allege Unauthorized Copying As Required For Copyright Infringement -------------- 6

IV. CONCLUSION ------------------------------------------------------------------------ 8

CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G) --------------------------- 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ------------------------------------------------------------------------------3

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ------------------------------------------------------------------------------3

*Bryant v. Avado Brands, Inc.*,
　187 F.3d 1271 (11th Cir. 1999) ----------------------------------------------------------------6

*Bunyan v. United States*,
　501 F. Supp. 3d 1264 (M.D. Fla. 2020) -----------------------------------------------------6

*Davis v. Tampa Bay Arena, Ltd.*,
　No. 8:12-CV-60-T-30MAP, 2012 WL 2116136 (M.D. Fla. June 11, 2012)------------5

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
　586 U.S. 296 (2019) ------------------------------------------------------------------2, 4, 5, 6

*Home Design Servs., Inc. v. Turner Heritage Homes Inc.*,
　825 F.3d 1314 (11th Cir. 2016) ----------------------------------------------------------------8

*Horne v. Potter*,
　392 F. App'x 800 (11th Cir. 2010) ------------------------------------------------------------6

*John Alden Homes, Inc. v. Kangas*,
　142 F. Supp. 2d 1338 (M.D. Fla. 2001),
　*aff'd*, 37 F. App'x 979 (11th Cir. 2002)----------------------------------------------------4, 6

*Joseph v. Buffalo News, Inc.*,
　792 F. App'x 60 (2d Cir. 2019) ----------------------------------------------------------------7

*Marc Anthony Builders, Inc. v. Javic Properties, LLC*,
　No. 8:11-CV-00432-EAK, 2011 WL 2709882 (M.D. Fla. July 12, 2011) --------------5

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
　527 F.3d 1218 (11th Cir. 2008) ----------------------------------------------------------------4

*Seven Oaks Millwork, Inc. v. Royal Foam US, LLC,*
  483 F. Supp. 3d 1192 (M.D. Fla. 2020) -------------------------------------------------- 8

*Sony Corp. of Am. v. Universal City Studios, Inc.,*
  464 U.S. 417 (1984) ------------------------------------------------------------------------ 6

**Statutes**

17 U.S.C. § 408 ------------------------------------------------------------------------------- 6

17 U.S.C. § 411 ------------------------------------------------------------------------ 2, 4, 5, 6

**Rules**

Fed. R. Civ. P. 12 ------------------------------------------------------------------------- 1, 2, 3

Fed. R. Civ. P. 8 ------------------------------------------------------------------------------ 3

Fed. R. Evid. 201 ---------------------------------------------------------------------------- 6

## MOTION TO DISMISS COMPLAINT

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") move to dismiss the Second Amended Complaint (ECF No. 29) ("SAC") filed by Plaintiff Gilbert Roman ("Roman") *with prejudice*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis for this motion is (1) the absence of any copyright registration provided by Roman that would make a claim of copyright infringement enforceable, and (2) Roman has not sufficiently and plausibly alleged that Amazon infringed his copyright.

Amazon's Motion is supported by the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, the attached Declaration of Martine Kivatinetz and accompanying exhibits, and any oral argument the Court may hear on this matter (if requested).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Roman's SAC should be dismissed for the same reason this Court dismissed Roman's original Complaint and Roman's First Amended Complaint ("FAC"). Here, the SAC fails to identify any processed copyright registration associated with the identified book, "Time Is The Moral Compass Of Truth." For the first time, Roman now alleges that his work has been submitted for copyright registration. However, submission to the Copyright Office in and of itself is not enough for this case to proceed. *See Fourth Estate Public Benefit Corp. v. Wall-*

1

*Street.com, LLC*, 586 U.S. 296, 309 (2019) ("[f]or the reasons stated, we conclude that 'registration ... has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application."). Thus, Amazon respectfully requests that the Court dismiss the SAC pursuant to Rule 12(b)(6) for failing to state a claim for relief.

## II.     PROCEDURAL BACKGROUND

Roman initiated this action with his "COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION" ("Complaint") filed on February 28, 2024. ECF No. 1. The Complaint alleges that with the assistance of an entity called "bookjet publicity," Roman published a book titled "Time Is The Moral Compass Of Truth" on Amazon.com. ECF No. 1 at 2; ECF No. 5 at 1-2; ECF No. 29 at 3. The Complaint further alleges that Bookjet Publicity took "thousand[s] of dollars for work undone" and "cut communication with Plaintiff." ECF No. 1 at 3, ¶ 11. It appears that the relief Roman sought in the Complaint was for Defendants to remove Bookjet Publicity from any association with the "Time Is The Moral Compass Of Truth" listing on Amazon's website and to pay Roman any royalties associated with the sale of the book. ECF No. 1 at 3.

This Court dismissed the Complaint without prejudice on March 13, 2024, noting that the Complaint fails to "allege that [plaintiff] owned a valid copyright

2

in the work allegedly infringed and that the defendants copied protected elements of Roman's original work." ECF No. 5 at 1 (citation omitted). Roman filed his First Amended Complaint ("FAC") on April 30, 2024, which the Court dismissed on July 10, 2023. ECF No. 26. Like the first two complaints, the SAC purports to bring a claim for copyright infringement. For the first time, Roman alleges that he has "submitted Plaintiff's book to the US Copyright Office for registration …" ECF No. 29 at 4, ¶ 15. The SAC does not allege that the US Copyright Office has processed the submission or otherwise registered the identified book.

### III.  ARGUMENT

#### A.  Legal Standard

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading "must give the defendant fair notice of what [the] plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6), a plaintiff's complaint must state the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). If a plaintiff fails to plead non-conclusory, specific facts that give rise to a plausible narrative supporting its claim, that claim must be dismissed. *See Twombly*, 550 U.S.

at 570 (holding that a plaintiff must plead enough specific facts to make a claim "plausible on its face" in order to avoid dismissal).

### B. Roman's Copyright Infringement Claim Must Be Dismissed

To properly plead copyright infringement, a plaintiff must prove "ownership of a valid copyright, and *unauthorized* copying of the work." *John Alden Homes, Inc. v. Kangas*, 142 F. Supp. 2d 1338, 1343 (M.D. Fla. 2001), *aff'd*, *John Alden Homes, Inc. v. Kangas*, 37 F. App'x 979 (11th Cir. 2002) (citations omitted) (emphasis added). The Court must dismiss the SAC because Roman fails to plausibly allege facts supporting both elements, and thus fails to state a claim for which relief can be granted.

#### 1. The SAC Fails To Allege Any Work Has Been Registered By The Copyright Office

"The Copyright Act provides that 'no action for infringement ... shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.'" *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1228-1229 (11th Cir. 2008) (quoting 17 U.SC. § 411(a)). More recently, the United States Supreme Court, while affirming a dismissal of a copyright infringement claim, made clear that the Copyright Act generally bars a plaintiff from bringing an infringement suit until the Copyright Office "has registered a copyright after examining a properly filed application." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019). The Supreme Court further

4

made clear that merely filing an application for registration is insufficient for purposes of bringing a lawsuit for copyright infringement: "[f]or the reasons stated, we conclude that 'registration ... has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Estate*, 586 U.S. at 309.

District courts in the 11th Circuit routinely dismiss claims of copyright infringement where the plaintiff has not registered any copyright. *E.g.*, *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, No. 8:11-CV-00432-EAK, 2011 WL 2709882, at *3 (M.D. Fla. July 12, 2011) (finding that a copyright infringement "claim must be dismissed … until the Copyright Office either issues a certificate or denies registration"); *Davis v. Tampa Bay Arena, Ltd.*, No. 8:12-CV-60-T-30MAP, 2012 WL 2116136, at *3 (M.D. Fla. June 11, 2012) (dismissing claim as to unregistered works).

Here, although the SAC alleges that Roman submitted to the Copyright Office a work for registration (ECF No. 29 at 4, ¶ 15), as discussed above, submission is not enough. There is no allegation that the Copyright Office has processed Roman's submission. Indeed, based on information that is publicly available from the Copyright Office, there remains no indication that Roman is an

owner of a registered copyright of the identified work. *See* Declaration of Martine Kivatinetz, ¶¶ 3-6, Exs. 1, 2.[1]

Additionally, the SAC fails to make any allegations that would suggest Roman's purported claim would fall under any exception that would permit this case to proceed. For example, the SAC does not allege that Roman applied for preregistration of a work that is "vulnerable to preregistration infringement," such as a movie. *Fourth Estate*, 586 U.S. at 301 (discussing 17 U.S.C. §§ 408(f), 411(a)). Nor does the SAC allege that it has been served on the Copyright Office for refusing to register the work at issue. *Id.*, at 302-303 (discussing 17 U.S.C. § 411(a)).

Thus, under the statutory framework and Supreme Court precedent, Roman's claim of copyright infringement must be dismissed.

### 2. The SAC Fails To Plausibly Allege Unauthorized Copying As Required For Copyright Infringement

Separate from the registration requirement discussed above, to establish copyright infringement, a plaintiff must prove "*unauthorized* copying of the work." *John Alden Homes*, 142 F. Supp. at 1343, *aff'd*, 37 F. App'x 979 (citations omitted) (emphasis added). Where there is authorization to copy, there is no infringement. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) (explaining

---

[1] The Court may take judicial notice of "an adjudicative fact not subject to reasonable dispute," such as public records (e.g., of copyright ownership). *Bunyan v. United States*, 501 F. Supp. 3d 1264, 1281 (M.D. Fla. 2020) (citing Fed. R. Evid. 201(b), (d); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

that "anyone who is authorized by the copyright owner to use the copyrighted work in a way specified in the statute or who makes a fair use of the work is not an infringer of the copyright with respect to such use"); *see also Joseph v. Buffalo News, Inc.*, 792 F. App'x 60, 63 (2d Cir. 2019) (affirming dismissal with prejudice of copyright infringement claim where writer authorized the publication of his work). Here, the SAC should be dismissed with prejudice because Roman has not alleged sufficient facts to show that Amazon's listing of the work at issue was unauthorized.

As noted above, Roman explained in the original Complaint that "Plaintiff published a book using bookjet publicity assistance [on] Defendants['] website Amazon.com by Kindle Direct Publishing." ECF No. 1 at 2. The Complaint further asserted that Bookjet Publicity took "thousand[s] of dollars for work undone" and "cut communication with Plaintiff." *Id.* at 3. This Court has already recognized that these statements indicate that Roman himself, in connection with Bookjet Publicity, "permitted Amazon to publish" his book. ECF No. 5 at 1-2.

In the SAC, Roman alleges that although he paid Bookjet Publicity, it was "not to market, distribute, or sell Plaintiff's book on any of Amazon's and/or Amazon Services' platforms." ECF No. 29 at 4, ¶ 13. This allegation in the SAC is inconsistent with Roman's allegations in the original Complaint. Notably, Roman

7

has not filed as an exhibit any agreement, contract, or other communication he had with Bookjet Publicity.

Further, copying of a work can be shown "either with direct proof of copying or, if direct proof is unavailable, by demonstrating that the defendants had access to the copyrighted work and that the works are substantially similar." *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1196 (M.D. Fla. 2020) (quoting *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016)). Roman has alleged no facts supporting direct proof of unauthorized copying, or unauthorized access by Amazon to the book. To the contrary, the facts originally alleged indicate that Roman himself put into motion the access provided to Amazon. ECF No. 1. at 2; ECF No. 5 at 1-2.

In view of these alleged facts indicating authorization, there is no amendment to the SAC that could cure Roman's failure to state a claim of copyright infringement. The Court should therefore dismiss the SAC with prejudice.

## IV. CONCLUSION

In view of the above, and that this is Roman's third bite at the apple, Amazon respectfully requests that this Court dismiss the SAC with prejudice for failing to state a claim.

## **CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)**

Counsel for the parties conferred on the relief requested in this Motion to Dismiss the Second Amended Complaint, and Amazon has confirmed that Roman will oppose the motion during a telephone call between Mr. Roman and Todd M. Siegel on July 22, 2024.

Dated: July 23, 2024                                   Respectfully submitted,

/s/Todd M. Siegel
Dennis D. Leone
Florida Bar No. 69401
dleone@shankmanleone.com
SHANKMAN LEONE, P.A.
707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Tel: (813) 223-1099

Todd M. Siegel (*Pro Hac Vice*)
Oregon Bar No. 001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2024, a true and correct copy of the foregoing **Defendants' Motion to Dismiss Second Amended Complaint and Supporting Memorandum of Points and Authorities** was electronically filed with the Court and served through the CM/ECF system to all registered CM/ECF recipients.

The undersigned further certifies that a true and correct copy of **Defendants' Motion to Dismiss Second Amended Complaint and Supporting Memorandum of Points and Authorities** was served via electronic mail and First Class Mail to Plaintiff at the following address:

Gilbert Roman
950 Woodlarks Drive
Haines City, FL 33844
groman2009@yahoo.com

/s/Todd M. Siegel
Todd M. Siegel (*Pro Hac Vice*)
Oregon Bar No. 001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC*