## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GILBERT ROMAN, *PRO SE*,

      Plaintiff,

v.                              Case No. 8:24-CV-00540-SDM-AAS

AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;
and, DOES 1 - 5.

      Defendant[s].

_____/

## PLAINTIFF'S RESPONSE/AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

I, Gilbert Roman, affirm under penalty of perjury:

1.     I am the *Pro Se* Plaintiff in this action and submit this response/affirmation in opposition to Defendants' motion to dismiss for failure to state a claim in which relief may be granted, dated and filed on July 23, 2024.

2.     I have personal knowledge of facts which bear on Defendant's motion.

3.     Defendants Amazon.com, Inc., and Amazon.com Services LLC, are collectively referred to as "Amazon" here, and Amazon and Defendants DOES 1 through 5 are collectively referred to as "Defendants" here.

4.    All caselaw referred to in the footnotes here are listed in Defendant's Motion to Dismiss, at pages ii – iii, subtitled 'TABLE OF AUTHORITIES'.

5.    I am a researcher, author, self-publisher, and copyright owner of the original work, 'Time is the Moral Compass of Truth', a non-fiction title ("my book"), completed in April 2022.

6.    I brought this claim against Amazon on February 28, 2024, and filed the First Amended Complaint on April 30, 2024, and the Second Amended Complaint against Defendants on July 17, 2024.

7.    My book is copyright registered under Registration Number: TX0009413427 and is shown within the US Copyright Office Public Catalog (**exhibited here as 'Exhibit A' at page 14**).

8.    There is a copyright notification on page 2 of my book, which states: "Copyright © 2022. . . [a]ll rights reserved. No part of this publication may be reproduced, distributed, or transmitted in any form or by any means, including photocopying, recording, or other electronic or mechanical methods without . . . prior written permission . . .." (**exhibited here as 'Exhibit B' at page 15**).

9.    In my Second Amended Complaint, I claim against the Defendants: copyright infringement, vicarious and/or contributory infringement, and for constructive trust.

10.    In the Declaration of Martine G. Kivatinetz, she states: "[o]n July 23, 2024, I conducted a search of copyright owners at the following URL:

2

https://cocatalog.loc.gov/cgibin/Pwebrecon.cgi?DB=local&PAGE=First."

ECF No. 31 at para. 3.

11.    Ms. Kivatinetz also states: "[a] search by "name" with "Gilbert Roman" as the entered name yielded three search results." *Id.* at para. 5.

12.    On July 31, 2024, I conducted a search of copyright owners at the same URL, utilizing the 'name' function as instructed: 'last name, first name': "roman gilbert," which yielded twenty-three results, including an entry for my book (**exhibited here as 'Exhibit C' at page 16**).

13.    It is submitted that the discrepancy between the differing results via the URL searched by Ms. Kivatinetz is due to her not following the instructions for searching the US Copyright Office catalog. Thus, due to Ms. Kivatinetz' assertions being verifiably inaccurate, this Honorable Court ought not take judicial notice of her declaration as containing adjudicative facts not subject to reasonable dispute.

14.    Based on the foregoing, it is submitted that Amazon's assertion that my claim fails for want of a copyright registration should be rejected by this Honorable Court.[1]

---

[1] Amazon relies on *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, where the Supreme Court considered the difference between an application for copyright versus a copyright registration for the purposes of satisfying 17 U. S. C. §408(f), being "akin to an administrative exhaustion requirement." 586 U.S. 296, 301 (2019). My book is copyright registered as exhibited below (*See infra,* 'Exhibit A'), and therefore questions on the distinction between an application for copyright and a copyright registration do not apply here. However, this matter is consistent

15.     My Second Amended Complaint includes added parties: DOES 1 through 5, who I describe in paragraph 8 as: ". . . operating as 'Bookjet Publicity': an organization misrepresenting themselves to be a literary agency, but is not incorporated in the United States nor any foreign nation, and who are not who they claim to be on their websites and social media accounts[;] [and,] are printers and/or vendors of literary works to [Amazon], and have printed and/or supplied, and/or are printing and/or supplying unlawful copies of [my book] . . . to [Amazon] without [my] knowledge or consent."

16.     I was solicited by DOES 1 through 5 via 'cold call' to hire their "[s]elf-publishing support" services, which includes, *inter alia*, branding, cover design, and editing (*See* https://www.bookjetpublicity.com/packagesandpricing).

17.     I agreed to hire DOES 1 through 5 to provide me with self-publishing support, but not to publish, list on Amazon's various websites, or sell my book.

18.     All communications I had with DOES 1 through 5 were conducted via email, 'online chat', and phone conversation. The names under which DOES 1 through 5 represented themselves have been discovered to be fictitious.

---

with *Fourth Estate*, as I did gain: ". . . "exclusive rights" in [my] work immediately upon [my] work's creation [in April 2022], including rights of reproduction, distribution, and display." *Id*. at 300-301. Amazon also contends on page 5 of its Motion to Dismiss that District Courts in the 11th Circuit, including this Honorable Court: "routinely dismiss claims of copyright infringement where the plaintiff has not registered any copyright," (citations omitted). My book is copyright registered, and proof is exhibited here as 'Exhibit A' at page 14. It is therefore submitted that Amazon's characterization of the 11th Circuit's rulings on copyright registration as 'routine' is irrelevant.

19. Upon requesting a written agreement for 'self-publishing support', I was referred to pricing and services listed on their website by one of DOES 1 through 5, (https://www.bookjetpublicity.com/packagesandpricing) (**exhibited here as 'Exhibit D' at page 17**).

20. DOES 1 through 5, inclusive, by their own admission state: "[w]e are not a publisher, but we do offer [s]elf-[p]ublishing [s]upport and can help you get started with self-publishing," (https://www.bookjetpublicity.com/faq) (**exhibited here as 'Exhibit E' at page 18**).

21. I have never entered into an agreement with DOES 1 through 5 to publish, copy, sell, or license my book—to Amazon or anyone else. Also, I have never entered into an agreement with DOES 1 through 5 to engage with or contract with Amazon on my behalf, or for the benefit of Defendants alone.

22. DOES 1 through 5 never informed me of their listing my book, nor their contracting or acting in concert with Amazon in relation to my book, nor did they disclose any agreement between the Defendants, inclusive, to sell my book for their profit or profit alone. If they had, I would have been alarmed, as they never professed to provide such 'services', and it is inconsistent with their representations to the public on their own services.

23. I discovered my book for sale on Amazon's platforms, and attempted to make enquiries with Amazon, which went unanswered for over six months.

24. In paragraph 29 of my Second Amended Complaint, I state: "After [I] discovered that [my] book was listed for sale on Amazon's sales platforms, [I]

contacted Amazon, requesting that they delist [my] book from their platform . . ..” Amazon refused to delist my book or to cease selling it without proper explanation on February 11, 2024 (**exhibited here as 'Exhibit F' at page 18**). Further, Amazon refused to investigate the matter, but instead based their rejection on my request. *Ibid*.

25.  I shortly thereafter brought this claim for copyright infringement. I acknowledge that my original complaint was dismissed for being defective and I have sought to cure in good faith ever since.

26.  I am aware of at least 7 orders for hardcopies of my original work that were sold and fulfilled by Amazon via its various online sales platforms (**exhibited here as 'Exhibit G' at page 19**).

27.  After I filed the original complaint, Amazon, through its Oregon Counsel—Mr. Todd M. Siegal, Oregon Bar No. 001049, of Klarquist Sparkman, LLP— acknowledged their receipt of revenue for their listing and selling my book, and their designation of 'Bookjet Publicity' as my publisher.

28.  As stated above, DOES 1 through 5, inclusive and operating as 'Bookjet Publicity', are not publishers, nor did I transfer any of my intellectual property rights to them, explicitly or impliedly. DOES 1 through 5, inclusive, set out their services themselves on their website, which *do not* include publishing services, book sales, listing with Amazon, or transferring authors' rights to themselves and/or Amazon. (*See infra*, 'Exhibit D').

29.   I have received no revenue for Defendants' sale of my book.

30.   At all times, Amazon refused to verify the amount of royalties and portions on sales proceeds due to me, although it was maintained that I was in fact owed them.

31.   It is submitted that Amazon's refusal to confirm, verify, or issue admitted royalties and portions on sales proceeds owed to me lends credibility to the assertion that Defendants' copying and accessing my work was unauthorized.

32.   In paragraph 2 of my original complaint, I stated: "Plaintiff published a book using [B]ookjet [P]ublicity['s] assistance . . .." ECF No. 1 at 2. Emphasis is placed on the phrase 'plaintiff published' and the word 'assistance'. I do not state that 'Bookjet Publicity' is my publisher, but rather that they assisted, which is consistent with DOES 1 through 5's self-professed services as: "[s]elf-publishing support." (*See infra*, 'Exhibit E').

33.   I have never entered into an agreement with Amazon to publish, list, copy, market, sell, print, nor license my book, and yet Amazon does not deny listing, copying, marketing, selling, printing, nor licensing my book (**exhibited here as 'Exhibit H' at page 20**), nor the existence of an agreement between them and DOES 1 through 5, inclusive, as it pertains to my book.

34.   It is submitted that by virtue of Amazon having sold copies of my book, it has accessed, copied, marketed, sold, printed, and licensed hardcopy/electronic versions of my book.

35.    It is submitted that Amazon's admitted listing and selling both hardcopy and electronic versions of my book is direct proof of copying, or at a minimum, demonstrates that Amazon had access to my book.[2]

36.    It is submitted that the absence of an agreement between me and the Defendants, inclusive, to publish, copy, list, sell, or transfer my book for their profit alone gives plausibility to the assertion that Defendants accessed and copied my book without my authorization.[3]

---

[2] On page 8 of its Motion to Dismiss, Amazon states: ". . . copying of a work can be shown "either with direct proof of copying or, if direct proof is unavailable, by demonstrating that the defendants had access to the copyrighted work and that the works are substantially similar," (*citing Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1196 (M.D. Fla. 2020) (quoting *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016)). In my Second Amended Complaint, I state that Defendants accessed, reproduced, distributed, promoted, and sold my book without my knowledge (ECF No. 29 at para. 22); that Amazon listed paperback and electronic versions of my book for sale (*Id.* at para. 23); that Amazon sold at least 7 hardcopies of my book (*Id.* at para. 24); that Amazon printed, sold, packaged, mailed, and transferred copies of my book (*Id.* at para. 27); and that Amazon, through its Oregon Counsel, admitted to selling my book and having accrued sales income (*Id.* at para. 34). It is submitted that by Amazon having sold my book, and by its own admission that it had profited from its sale of my book, direct proof is shown, or at a minimum, I have adequately demonstrated that Amazon had access to my copyrighted book. It is further submitted that my claim does not center on whether Amazon sold an item so like my book to constitute copyright infringement; but that it sold actual copies of my book without my permission, which constitutes, *inter alia*, copyright infringement.

[3] Amazon also relies on *Sony Corp. of Am. v. Universal City Studios, Inc.*, to suggest that it was authorized by me to access, copy, print, sell, and transfer copies of my book. (464 U.S. 417, 433 (1984)). I did not authorize Amazon to access, copy, print, sell, license, and transfer copies of my copyrighted book, and I am unable to produce an agreement that I did because it does not exist. To the contrary, Amazon, through its Oregon Counsel, inaccurately contended that DOES 1 through 5 published my book, and therefore, assumed I authorized Amazon to access, copy, print, sell, or transfer copies of my book; but Amazon has failed to exhibit any

37.    It is submitted that in the absence of an agreement between me and Defendants, inclusive, to publish, access, copy, list, sell, and license/transfer my book, the Defendants, inclusive, accessed, copied, listed, sold, and licensed/transferred my book without my permission for their unjust enrichment, and therefore have committed copyright infringement and vicarious and/or contributory infringement. It is submitted that Amazon's refusal to account for or pay royalties and portions on sales proceeds that they have unjustly accrued requires the creation of a constructive trust by this Honorable Court.

38.    It is submitted that as DOES 1 through 5 state that they are not a publisher, and that they only lend support for hire per the terms on their website, I could not nor did not agree with DOES 1 through 5 to publish my book and list it for sale on Amazon's various internet sales platforms.

39.    It is submitted that Defendants' accessing, copying, listing, printing, selling, and transferring copies of my book, in both hardcopy and electronic format, without my permission, constitutes unauthorized accessing and copying, and therefore, Amazon's assertion that my Second Amended Complaint fails to plausibly allege unauthorized copying should be rejected by this Honorable Court.[4]

---

agreement showing that they were authorized by me to access, copy, print, sell, or transfer copies of my book.

[4] Amazon inaccurately concludes that I authorized DOES 1 through 5 to permit Amazon to publish my book on page 7 of its Motion to Dismiss by citing my original complaint, where I state that DOES 1 through 5 took: "thousand[s] of dollars for work undone" and "cut communication with [me]." ECF No. 1 at 3. Yes: DOES 1 through 5 took thousands of dollars from me without delivering what was promised. DOES 1 through 5 charge a monthly retainer of more than $799 for, *inter*

40.    It is submitted that by virtue of Amazon having admittedly sold copies of my book, it was aware of my assertion of my copyrights via the copyright notification on page 2 of my book, and therefore, it has infringed my copyright *willfully*.

41.    On page 7 of its Motion to Dismiss, Amazon states that: "[t]his Court has already recognized that [my] statements [in my original complaint] indicate that [I], in connection with [DOES 1 through 5], "permitted Amazon to publish" [my] book" (*citing* ECF No. 5 at 1-2). Amazon is not a publisher. DOES 1 through 5 are not publishers. It is humbly submitted that the assertion that I permitted Amazon to publish my book inaccurately suggests that I gifted my book to Defendants to sell my book for their profit alone, and, that any agreement with DOES 1 through 5, inclusive, is an agreement with Amazon, or that any agreement with DOES 1 through 5, inclusive, binds Amazon, or that Amazon and DOES 1 through 5 are one in the same.

42.    It is submitted that at a minimum, DOES 1 through 5, inclusive, infringed my copyright by publishing, accessing, copying, printing, selling, and licensing my

---

*alia*, branding, editing, and cover design, but not, by their own representations to the public, publishing or selling my book on Amazon's internet sales platforms (*See infra*, Exhibits D and E). DOES 1 through 5 also refused to address my concerns just as Amazon did. This in no way suggests that I therefore permitted DOES 1 through 5 to combine with Amazon to sell my book at all, let alone for Defendants' profit alone. It simply exposes a pattern: Defendants, inclusive, have monetized my book to my detriment, both in my intellectual property interests and in tangible monetary terms. Amazon has consistently and inaccurately suggested that my 'real' losses are around $90. This is an intentionally misleading gross understatement disseminated by Amazon for Defendants' benefit alone.

book without my consent, and that Amazon had the sole ability to control DOES 1 through 5's infringing activity via their Kindle Direct Publishing platform, of which, Amazon had a financial interest in DOES 1 through 5's infringing activities.

43. It is further submitted that at a minimum, as Amazon has disclosed that they have designated DOES 1 through 5 as the publishers of my book when in fact DOES 1 through 5 themselves publicly declare that they are not publishers, Amazon materially contributed to DOES 1 through 5's infringing activities by granting them access to the Kindle Direct Publishing platform so that Amazon could copy, list, sell, and transfer my book on Amazon's platforms without my permission.

44. It is submitted that Amazon has received adequate notice of what my claim is and the grounds upon which it rests. [5]

---

[5] Amazon relies on *Twombly*, where the Supreme Court states that a pleading "must give the defendant fair notice of what [the] plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Upon receiving my original complaint, Amazon hired specialized intellectual property counsel in Oregon—an indication that it clearly knows that I brought a claim for copyright infringement; further, Amazon's specialized counsel disclosed to me that Amazon had sold copies of my book and then inaccurately asserted that DOES 1 through 5 are the publishers of my book—an indication that it clearly knows my claim centers on their accessing, copying, printing, selling, licensing, and transferring my book without my permission. Amazon also relies on *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). I have truthfully set out facts beyond mere conclusions that establish a narrative that supports that Defendants, inclusive, have accessed, copied, printed, sold, licensed, and transferred copies of my book without my permission (*See generally*, ECF Nos. 9 and 29).

45. Based on the foregoing, it is submitted that my claim is sufficiently set out in my Second Amended Complaint, and if not, I am capable of curing if required by this Honorable Court.[6]

46. Based on the above, it is humbly submitted that Defendant's motion to dismiss should be denied.

*Continued*

---

[6] In *Iqbal*, the Supreme Court states: "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. It is submitted that, in this present matter, common sense dictates that I have set out a short and plain statement of my claim showing that I am entitled to relief. In essence, Amazon consistently suggests that all I have said is 'my copyright was breached', which is clearly inaccurate. Further, Amazon has misled this Honorable Court with inaccurate internet searches by paralegals to justify its infringing of my copyright while hoping that I will not be availed to relief. This, at a minimum, suggests sophisticated lawyering rather than an inability to understand my claim, let alone a misapprehension of the grounds on which my claim rests. Amazon's continual denial of the 'plausibility' of my assertions is an undertaking in willful blindness. It is submitted that I have set out my claim sufficiently in my Second Amended Complaint, and if this Honorable Court requires that I set out even more facts, I can do so, and therefore ought not be denied permission for leave to amend my complaint so that the matter can be determined fully, truthfully, and fairly.

I declare under penalty of perjury that the above is true and correct.


August 6, 2024_____          /s/Gilbert Roman_____
Dated                                  Signature, *Pro Se* Plaintiff
                                       Gilbert Roman
                                       950 Woodlark Drive
                                       Haines City, FL 33844
                                       (516)458-9105
                                       groman2009@yahoo.com


## CERTIFICATE OF SERVICE

I certify that on August 6, 2024, I electronically filed the foregoing document with the Clerk of the Court via the Electronic Document Submission Portal. I also certify that the foregoing document is being served this day on Defendant's counsel of record via email transmission and first-class mail.

## **Exhibit A**



## Exhibit B



Copyright © 2022

**TIME IS THE MORAL COMPASS OF TRUTH**

All rights reserved. No part of this publication may be reproduced, distributed, or transmitted in any form or by any means, including photocopying, recording, or other electronic or mechanical methods, without the prior written permission of the publisher, except in the case of the brief quotations embodied in critical reviews and certain other non-commercial uses permitted by copyright law.

**TIME IS THE MORAL COMPASS OF TRUTH**

Because of the dynamic nature of the Internet, any web addresses or links contained in this book may have changed since publication and may no longer be valid. The views expressed in this work are solely those of the author and do not necessarily reflect the views of the publisher, and the publisher hereby disclaims any responsibility for them.

Edited by:
**Kyle Roberts**

Printed by:
**BookJet Publicity Enterprise**

Printed in the United States of America
First Printing Edition, 2020
ISBN 9798390534199

**Exhibit C**



**Public Catalog**

Copyright Catalog (1978 to present) at DC4
Search Request: Left Anchored Name = roman gilbert
Search Results: Displaying 1 through 23 of 23 entries.

Resort results by:

| # | Name (NALL) < | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 1 ] | Roman, Gilbert | Americas New Slavery? : Behind the Scenes and Updates. | TX0007699864 | 2011 |
| [ 2 ] | Roman, Gilbert | America's New Slavery? FMRI Technology! Functional Magnetic Resonance Imaging! Or America's Salvation? All Americans Should Be Concerned! | TX0007606980 | 2010 |
| [ 3 ] | Roman, Gilbert | Chinatown, et al. | SRu000977829 | 2010 |
| [ 4 ] | Roman, Gilbert | GOD DOES EXIST NO MORE NUCLEAR TESTING AND MORE. | TX0007658001 | 2012 |
| [ 5 ] | Roman, Gilbert | Is there a CIA cover up and conspiracy? | TXu000755475 | 1999 |
| [ 6 ] | roman, gilbert | Time Is The Moral Compass Of Truth. | TX0009413427 | 2022 |
| [ 7 ] | roman, gilbert, 1216- | Guilty. | SRu001042498 | 2011 |

| # | Name | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 8 ] | Roman, Gilbert, 1963- | AMERICAS NEW SLAVERY? | TX0007317813 | 2009 |
| [ 9 ] | Roman, Gilbert J., 1951- | It's really only up to you. | SRu000157716 | 1989 |
| [ 10 ] | Roman, Gilbert J., 1951- | More and more. | PAu002784266 | 2003 |
| [ 11 ] | Roman, Gilbert J., 1951- | (Running from) what is love. | PAu002784268 | 2003 |
| [ 12 ] | Roman, Gilbert J., 1951- | She's a New Age girl. | SRu000157717 | 1989 |
| [ 13 ] | Roman, Gilbert J., 1951- | We didn't know what to do. | PAu002784267 | 2003 |
| [ 14 ] | Roman, Gilbert J., 1951- | You can count on me. | PAu002784269 | 2003 |
| [ 15 ] | Roman, Gilbert J., Jr., 1951- | Midnight Riders (you know it's mine) : (You know it's mine) the Midnight Riders : (They're callin') the Midnight Riders / words & music, [performance, arr. of music & recording] Gil Roman, Jr. [i.e. Gilbert J. Roman, Jr.] | SRu000000273 | 1978 |
| [ 16 ] | Roman, Gilbert J., Jr., 1951- | Ninth song : Holdin' hands : Workingman's blues / words & music [& performance, arr. of recording] Gil Roman, Jr. [i.e. Gilbert J. Roman, Jr.] | SRu000000275 | 1978 |
| [ 17 ] | Roman, Gilbert J., Jr., 1951- | Wonderful human being / words & music, [performance, arr. of music & recording] / Gil Roman, Jr. [i.e. Gilbert J. Roman, Jr.] | SRu000000272 | 1978 |
| [ 18 ] | Roman, Gilbert J., Jr., 1951- | World of love (live for) : I live for a world of love / words & music, [performance, arr. of music & recording] Gil Roman, Jr. [i.e. Gilbert J. Roman, Jr.] | SRu000000274 | 1978 |

| # | Name | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 19 ] | Roman, Gilbert M | Arbitrator. | TXu001798364 | 2012 |
| [ 20 ] | Roman, Gilbert M., 1962- | Beneath the black robe. | PAu002786741 | 2003 |
| [ 21 ] | Roman, Gilbert M., 1962- | Master plan. | TXu001101789 | 2003 |
| [ 22 ] | Roman, Gilbert Martin, 1962- | Masterplan. | TXu000959872 | 2000 |
| [ 23 ] | Roman, Gilberto Ramos | My twelve poems. | TXu000839019 | 1998 |

**Exhibit D**





## **Exhibit E**



## **Exhibit F**



Hello,

Thank you for your message. We have reviewed your notice and determined this item will not be removed from sale based on the information you have provided.

Please, contact the KDP team to assist with questions like yours : https://kdp.amazon.com/contact-us

Complaint ID : 14709116991

Regards,
Amazon.com

**Exhibit G**



## Exhibit H

