UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ROMAN, *PRO SE*,

    Plaintiff,

v.                                                                            Case No. 8:24-CV-00540-SDM-AAS

AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;

    Defendants.

_____/

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES**

*Pro Se* Plaintiff, Gilbert Roman, answers Amazon.com, Inc.'s, and Amazon.com Services, LLC's (collectively, "Defendants") Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims (Doc. 36) as follows:

**COUNTERCLAIM I**

1. Admitted.

2. Denied. There is no controversy between the parties as to Defendants' infringement of the Plaintiff's copyrighted work (Registration TX0009413427, exhibited here as 'Exhibit 1'), as Defendant submits in their Answer that: "[Defendants] admit[] that [it sold] nine copies of the book entitled "Time Is The Moral Compass Of Truth . . .[;]" (Doc. 36 at 23); and, that: "[Defendants]

    admit that Amazon Services or its affiliates and related companies offer books in hardcopy and digital formats . . . for sale through its internet marketplace . . ..." (Id. at 19). Defendants do not admit the nonexistence of an agreement where Plaintiff authorized Defendants to access, copy, distribute, or license the reproduction and distribution of Plaintiff's copyrighted work in their Answer, but instead implausibly claim to lack knowledge to form a belief on whether or not they hold agreements with contractors/contractees. Defendants also admit that: ". . . [Defendants] . . . receive revenue resulting from sales of listed works through the Kindle Direct Publishing program[;]" (Id. 36 at 21); and that: ". . . nine copies of the book entitled "Time Is The Moral Compass Of Truth [(Plaintiff's copyrighted work)] were sold . . . [via their platforms]." (Id. at 27). Further, Defendants admit the sale of copies of Plaintiff's copyrighted work via its platforms but implausibly claim to lack sufficient knowledge to form a belief on the nature of how Defendants fulfill orders for books to their customers, implausibly suggesting that Defendants lack sufficient information to believe whether they sell books at all. (*Ibid.*).

3.     Denied. Plaintiff paid an entity known as Bookjet Publicity for: ". . . professional editing, hardback/electronic formatting, cover design, copyright registration, and US Library of Congress depositing services . . .." (Plaintiff's Second Amended Complaint filed July 12, 2024, Doc. 29 at 12-13). Bookjet Publicity states that "they are not a publisher." (https://www.Bookjetpublicity.com/faq). "[A]ssist[ance] with . . . publishing,"

(Doc. 36 at 3), is not a service offered by Bookjet Publicity. (*See infra* 'Exhibit 2').

4. Admitted.

5. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5, as Defendants state that "somebody" listed Plaintiff's copyrighted work under the listing identified by the Amazon Standard Identification Number: "B0C1J3B8DF," whereas Defendants publicly state via their own website, (https://sell.amazon.com/blog/how-to-create-a-new-asin-amazon), that: "[a]n ASIN—short for "Amazon Standard Identification Number"—is a combination of 10 letters and numbers that Amazon assigns to a product. [It is] used to identify products within the Amazon catalog and is a key part of a product detail page . . . [e]ach product in the Amazon store is assigned a unique ASIN . . . **[t]he only exception is for books** [*emphasis mine*], which are identified using their ISBN number[,]" exhibited here as 'Exhibit 3'.[1]

6. Admitted in part and denied in part, for the implication made by Defendants' wording of their submission in paragraph 6: Plaintiff authorized somebody to purchase seven copies of Plaintiff's copyrighted work from Defendants' internet sales platforms, which were shipped by Defendants to Plaintiff's address, but

---

[1] *Citing Mickey Toogood, Senior Content Marketing Manager for Defendants.*

Plaintiff did not authorize Defendants to copy, sell, package, post, or transfer Plaintiff's copyrighted work to anyone.

7. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7.

8. Denied. As submitted throughout Plaintiff's Second Amended Complaint filed July 17, 2024 (Doc. 29), it was not that Plaintiff curtailed or ceased the relationship with Bookjet Publicity, but rather, Bookjet Publicity ceased all contact with Plaintiff, including its failing to respond to any/all urgent enquiries in regard to Plaintiff's copyrighted work and the listing of it for sale by Defendants.

9. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 for reasons submitted in paragraph 5 above, which is repeated here save for the word: "[d]enied."

10. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10. While Mr. Todd M. Seigal, Counsel for the Defendants, disclosed to Plaintiff that Defendants owed royalties and portions on sales proceeds in one conversation, in another he stated that an amount of "$90" was owed to Plaintiff for orders fulfilled via Defendants' various sales platforms; and later, that amount changed to $89.91. Defendants deny Mr. Siegal made any disclosures to Plaintiff at all in their Answer. (Doc. 36 at 34).

11. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 regarding "B0C1J3B8DF," as submitted in

4

        paragraph 5 above, which is repeated here save for the word: "[d]enied." Also, Plaintiff had no involvement nor agreement with Defendants authorizing them to list Plaintiff's copyrighted work for sale or to sell copies of Plaintiff's copyrighted work.

12. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 regarding "B0C1J3B8DF," as submitted in paragraph 5 above which is repeated here save for the word: "[d]enied." However, "[Defendants] admit[] that [it sold] nine copies of the book entitled "Time Is The Moral Compass of Truth . . .[,]" (Id. at 23), which without Plaintiff's permission, in fact, constitutes infringement of Plaintiff's copyright.

13. Denied.

14. Denied.

## COUNTERCLAIM II

15. Plaintiff incorporates by reference as though fully submitted here paragraphs 1 through 14 above.

16. Denied. There is no dispute as to whether Plaintiff's work is copyrighted, that Plaintiff had no agreement authorizing Defendants to sell copies of Plaintiff's work, and that Defendants sold and fulfilled orders of Plaintiff's copyrighted work.

17. Admitted.

18. Denied. Plaintiff paid Bookjet Publicity to register Plaintiff's copyright as part of its service offerings available to the public in early 2022. (Plaintiff's Second Amended Complaint filed July 12, 2024, Doc. 29 at 13).

19. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 for reasons set out in paragraph 5 above, which is repeated here save for the word: "[d]enied." (*See infra* 'Exhibit 3').

20. Denied. Plaintiff's work is registered with the US Copyright Office (*See infra* 'Exhibit 1'). Plaintiff filed its Second Amended Complaint on July 12, 2024, which supersedes all prior complaints and are now considered "abandoned." (Doc. 35 at Footnote 3 (internal citation omitted)). Therefore, Plaintiff meets the threshold requirement for statutory damages and attorney's fees against the Defendants under 17 USC § 412. Further, Plaintiff may recover for an infringement that occurred both before and after registration. *Fourth Estate Public Benefit Corp. v. Wall-Street.com*. 586 U.S. 296, 296 (2019).

### PRAYER FOR RELIEF

1. Plaintiff denies that Defendants are entitled to the relief sought and denies that Defendants are entitled to any relief of any kind and therefore denies Defendants' entitlement to the relief requested in subparagraphs 1 through 6 and subparagraphs 1 through 4 of Defendants' Answer under the captions "PRAYER FOR RELIEF."

### AFFIRMATIVE DEFENSES

Each and every allegation of Defendants' Counterclaims not expressly admitted is denied. Plaintiff also asserts the following defenses in response to Defendants Counterclaims. By asserting these defenses. Plaintiff does not concede that it bears the burden of proof with respect to any of them. All defenses are pled in the alternative and do not constitute an admission of liability or that Defendants are entitled to any relief. Plaintiff reserves the right to assert additional defenses or counterclaims as additional facts are learned or present themselves during discovery or otherwise during these proceedings.

### FIRST AFFIRMATIVE DEFENSE
### No Controversy

1. Save for the word "[d]enied," paragraph 2 under the caption, COUNTERCLAIM I above in response to Defendant's first Counterclaim is repeated here, as there is no controversy availing Defendants to declaratory relief under the Declaratory Judgement Act, 28 USC §§ 2201 and 2202.

### SECOND AFFIRMATIVE DEFENSE
### Direct, Vicarious, and/or Contributory Infringement

2. As previously submitted in Plaintiff's Second Amended Complaint filed July 17, 2024, (Doc. 29), Defendants have directly, vicariously, and/or contributorily infringed Plaintiff's copyrighted work. Therefore, Paragraphs 1 through 59 of Plaintiff's Second Amended Complaint are incorporated here by reference as if fully submitted here.

### THIRD AFFIRMATIVE DEFENSE
### Valid Copyright Registration

3. Plaintiff incorporates here by reference its Second Affirmative Defense above, including Plaintiff's Second Amended Complaint filed July 17, 2024, Paragraphs 1 – 59. (Doc. 29).

4. As previously submitted in Plaintiff's Second Amended Complaint, Plaintiff holds a valid copyright in its literary work, "Time Is The Moral Compass Of Truth," with the US Copyright Office.

### FOURTH AFFIRMATIVE DEFENSE
### Failure to State a Claim

5. Plaintiff incorporates here its First, Second, and Third Affirmative Defense above.

6. Defendants fail to state a claim upon which relief can be granted. For example, in regard to Defendants' First Counterclaim, there is no controversy availing Defendants of relief under the Declaratory Judgement Act, 28 USC §§ 2201 and 2202; and, in regard to Defendants' Second Counterclaim, Plaintiff's work is demonstrably copyright registered prior to Plaintiff filing its Second Amended Complaint of July 17, 2024.

### FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands

7. Plaintiff incorporates here Defendants' Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims. (Doc. 36), Plaintiff's First, Second, Third, and Fourth Affirmative Defenses submitted above, and

      Plaintiff's Second Amended Complaint filed July 17, 2024, Paragraphs 1 – 59 (Doc. 29).

8. Defendants' Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims are signed by Todd M. Siegal, Counsel for the Defendants. (Doc. 36 at page 22).

9. By signing Defendants' Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims, Mr. Siegal certified that: "[c]ounsel or party has read the filing or submission of record; to the best of one's knowledge, information, and belief formed after reasonable inquiry, the filing or submission of record is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the filing or submission of record is not made for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 12 CFR § 1081.108.

10. Defendants, via their Counsel, Mr. Siegal, have asserted several 'additional defenses', meant to assert affirmative defenses that, when considering all submissions in Defendants' Answer and Counterclaims, do not apply to this matter:

11. Defendants submit that Plaintiff did not provide timely effective notice of its claim prior to suit. (Doc. 36 at 2, under caption 'ADDITIONAL DEFENSES'). Notice is not generally required to bring a suit for copyright infringement under US Federal Law. However, as early as February 11, 2023, Defendants had

9

received, acknowledged, and declined to take down the listing of Plaintiff's copyrighted work at Plaintiff's request, evidencing Defendants' receipt of notice from Plaintiff for reasons concerning Plaintiff's intellectual property rights (*Exhibited here as* 'Exhibit 4'). Alternatively, while Defendants admit to receiving contact from Plaintiff on the issue of its rights in its work in terms of Defendants listing and selling its copyrighted work long before Plaintiff filed its Second Amended Complaint on July 17, 2024, (Id. 36 at 32), Defendants implausibly deny notice of its claims prior to suit. Further, as submitted in Plaintiff's Second Amended Complaint, it was the Defendants who informed Plaintiff that their remedy would require a claim for copyright infringement via the 'online chat' feature on Defendants' Kindle Direct Publishing platform, (Doc. 29 at 33), which suggests Defendants had constructive knowledge of Plaintiff's claims long before Plaintiff filed its Second Amended Complaint on July 17, 2024. (*Ibid.*).

12. Defendants submit that Plaintiff's claims are barred for failure to mitigate damages, (Doc. 36 at 4, under caption 'ADDITIONAL DEFENSES'), yet they professes to lack knowledge to form a belief as to whether Plaintiff had an agreement with Defendants authorizing Defendants to: ". . . access, copy, market, display, distribute, sell, or license Plaintiff's book . . .." (Id. at 28 in response to Plaintiff's Doc. 29 at 28). In so far as a claim for copyright infringement is considered a tort, Plaintiff contacted Defendants regarding the impermissible and illegal use of its copyrighted work immediately upon

       discovery (Doc. 29 at 29), which predates Plaintiff's Second Amended Complaint by more than one year. As early as February 11, 2023, Defendants refused to remove Plaintiff's copyrighted work for sale from its platforms. (*See infra* 'Exhibit 4').

13. Defendants submit that Plaintiff fails to state a claim upon which relief can be granted. (Doc. 36 at 5, under caption 'ADDITIONAL DEFENSES'), but this Honorable Court ruled: ". . . the second-amended complaint plausibly states a claim for copyright infringement," (Doc. 35 at page 4), against Defendants' Motion to Dismiss Second Amended Complaint in entirety. (Doc. 30 at I – IV).

14. Defendants submit that Plaintiff's claims are barred by Plaintiff's failure to provide valid notices under the DMCA. Plaintiff does not concede that Defendants are an ISP. However, Plaintiff did issue a takedown notice (actual and/or constructive) as early as February 11, 2023, of which, Defendants refused to comply, stating: "[w]e have reviewed your notice and determined this item will not be removed from sale . . ..." (*See infra* 'Exhibit 4').

15. Defendants submit that Plaintiff's claims are barred by the three-year statute of limitations. (Doc. 36 at 7, under caption 'ADDITIONAL DEFENSES'). However, Defendants state that: ". . . the product accused of infringement was on sale in the United States . . . no later than April 6, 2023." (Id. at 19). While Plaintiff lacks sufficient information to form a belief in regard to paragraph 19, if Defendant refers to Plaintiff's copyrighted work (Id. 36 at 19), then the period is only a little more than one year until Plaintiff filed its Second Amended

      Complaint, and is therefore clearly within the 3-year Statute of Limitations sited by Defendants in paragraph 7 under the caption, 'SEVENTH ADDITIONAL DEFENSE'. (Id. at 7).

16. Defendants submit that Plaintiff does not own the copyright in the allegedly infringed work. (Id. at 8, under caption 'ADDITIONAL DEFENSES'). However, Defendants admit the existence of a "copyright page" in Plaintiff's copyrighted work, (Id. at 25), they admit ". . . nine copies of the book entitled "Time Is The Moral Compass Of Truth [(Plaintiff's copyrighted work)] were sold . . . [via their platforms]," (Id. at 27), Defendants' counsel has had sight of Exhibit C of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, where an accurate search of the US Copyright Catalog at https://cocatalog.loc.gov/cgibin/Pwebrecon.cgi?DB=local&PAGE=First shows Plaintiff's copyrighted work as registered, (Doc. 33 at page 16), where Defendant either erroneously or intentionally misled this court via declaration of its Counsel's firm's paralegal, Martine G. Kivatinetz, (Doc. 31), that the same search showed no copyright registration of Plaintiff's copyrighted work, (Doc. 30 at page 5 through 6, signed by Todd M. Siegal at page 10); and, that Defendants refer to Plaintiff's copyright registration number 'TX0009413427' accurately and multiple times within its Answer, suggesting that Defendants are not only fully aware of the validity of Plaintiff's copyright registration, but can cite it by registration number. (Doc. 36 at 2 under caption: "FIRST

COUNTERCLAIM," and at 16 and 17 under caption: "SECOND COUNTERCLAIM.").

17. Defendants submit that one or more of the Registrations that Plaintiff asserts in this action are invalid without any particularity in which Plaintiff may answer; for example, Defendants question the originality of Plaintiff's copyright work but cite no author or entity whose work Plaintiff allegedly copied. Rather, Defendants cite lack of originality for the sole purposes of harassing or causing unnecessary delay or needless increase in the cost of litigation for a *Pro Se* Plaintiff, acts that would require Defendants' entire Answer and "Additional Defenses" to be vacated for violation of 12 CFR § 1081.108.

18. Defendants submit that Plaintiff's claims are barred because Plaintiff's damages were not caused by Defendants. (Id. at 12, under caption 'ADDITIONAL DEFENSES'). However, "[Defendants] admit[] that [it sold] nine copies of the book entitled "Time Is The Moral Compass Of Truth . . .[;]" (Id. at 23); that: ". . . its Services or its affiliates and related companies offer books in hardcopy and digital formats . . . as available for sale through its internet marketplace . . . ." (Id. at 19); that they do not deny the nonexistence of an agreement where Plaintiff authorized Defendants to access, copy, distribute, or license the reproduction and distribution of Plaintiff's copyrighted work; but they admit: ". . . [Defendants] . . . receive revenue resulting from sales of listed works through the Kindle Direct Publishing program[;]" (Id. at 21); that: ". . . nine copies of the book entitled "Time Is The Moral Compass Of Truth [(Plaintiff's

13

copyrighted work)] were sold . . . [via their platforms]." (Id. at 27); and they implausibly deny having sufficient knowledge or information to form a belief of how they fulfill orders for books for their customers; or whether they hold agreements with authors whose books are listed for sale on Defendants' internet sales platforms. (*Ibid*.).

19. Defendants submit that Plaintiff's claims are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions (Id. at 13' under caption 'ADDITIONAL DEFENSES'). Yet, "[Defendants] admit[] that [it sold] nine copies of the book entitled "Time Is The Moral Compass Of Truth . . .[;]" (Id. at 23); that: ". . . its Services or its affiliates and related companies offer books in hardcopy and digital formats . . . as available for sale through its internet marketplace . . . ." (Id. at 19); that they do not deny the nonexistence of an agreement where Plaintiff authorized Defendants to access, copy, distribute, or license the reproduction and distribution of Plaintiff's copyrighted work; but they admit: ". . . [Defendants] . . . receive revenue resulting from sales of listed works through the Kindle Direct Publishing program[;]" (Id. at 21); that: ". . . nine copies of the book entitled "Time Is The Moral Compass Of Truth [(Plaintiff's copyrighted work)] were sold . . . [via their platforms]." (Id. at 27); and yet they implausibly deny having sufficient knowledge or information to form a belief as to how they fulfill orders for books to their customers; or whether they hold agreements with authors whose books are listed for sale on Defendants' internet sales platforms. (*Ibid*.).

20. Defendants submit that Plaintiff would be adequately compensated by damages and is therefore not entitled to seek equitable relief (Id. at 14 under caption 'ADDITIONAL DEFENSES'). Plaintiff repeats here its submissions from paragraph 1 through 59 of Plaintiff's Seconded Amended Complaint filed July 17, 2024. (Doc. 29). Defendants deny possessing tangible real and personal property and assets including, but not limited to, cash, stock, real estate, bank savings and other financial accounts, consisting of profits. (Doc. 36 at 56).

21. The majority if not entirety of Defendants' submissions under caption 'ADDITIONAL DEFENSES' in Defendants' Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims (Doc. 36) were made for an improper purpose: to harass or to cause unnecessary delay or needless increase in the cost of litigation to the Plaintiff, in violation of 12 CFR § 1081.108.

## PRAYER FOR RELIEF

22. Plaintiff reiterates its Prayer for Relief submitted in its Second Amended Complaint filed July 17, 2024, Doc. 29.

23. An order striking Defendants' 'Additional Defenses', Doc. 36.

24. A judgment dismissing Defendants' Counterclaims with prejudice.

## DEMAND FOR JURY TRIAL

Plaintiff reiterates its request for a jury trial in this action on all triable issues, including those connected with Defendants' Counterclaims and this Answer.

I declare under penalty of perjury that the above is true and correct.

| | |
|---|---|
| April 14, 2025_____ <br> Dated | /s/Gilbert Roman_____ <br> Signature, *Pro Se* Plaintiff <br> Gilbert Roman <br> 950 Woodlark Drive <br> Haines City, FL 33844 <br> (516)458-9105 <br> groman2009@yahoo.com |

## CERTIFICATE OF SERVICE

I certify that on April 14, 2025, I electronically filed the foregoing document with the Clerk of the Court via the Electronic Document Submission Portal. I also certify that the foregoing document is being served this day on Defendant's counsel of record via email transmission and first-class mail.

Exhibit 1

**Certificate of Registration**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*
United States Register of Copyrights and Director

Registration Number
**TX 9-413-427**
Effective Date of Registration: June 25, 2024
Registration Decision Date: July 30, 2024

**Title**

Title of Work: Time Is The Moral Compass Of Truth

**Completion/Publication**

Year of Completion: 2022
Date of 1st Publication: April 07, 2022
Nation of 1st Publication: United States
International Standard Number: ISBN 9798390534199

**Author**

- Author: gilbert roman
  Author Created: text
  Citizen of: United States
  Domiciled in: United States

**Copyright Claimant**

Copyright Claimant: gilbert roman
950 Woodlark dr, Haines City, FL, 33844

**Rights and Permissions**

Name: gilbert roman
Email: groman2009@yahoo.com
Telephone: (516)458-9105
Address: 950 Woodlark dr
Haines City, FL 33844 United States

**Certification**

Page 1 of 2

Exhibit 2: *Source*: https://www.bookjetpublicity.com/packagesandpricing





Exhibit 3: *Source*: Mickey Toogood: Senior Content Marketing Manager for Amazon, *What is an Amazon ASIN?*, https://sell.amazon.com/blog/how-to-create-a-new-asin-amazon.



[. . .]



19

Exhibit 4: *Source*: February 11, 2023 email from 'ip-inquiries@amazon.com' to the Plaintiff, at groman2009@yahoo.com.

