# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GILBERT ROMAN, *PRO SE*,

     Plaintiff,

v.                                  Case No. 8:24-CV-00540-SDM-AAS

AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ON DEFEDANTS' AFFIRMATIVE DEFENSES WITH SUPPORTING POINTS AND AUTHORITIES

## __TABLE OF CONTENTS__

MOTION FOR JUDGMENT ON THE PLEADINGS . . . . . . . . . . . . . . . . .  1

 I.  INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

 II.  LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

 III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

   a. No Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

   b. Lack of Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

   c. Not Liable for Acts of Third Parties . . . . . . . . . . . . . . . . . . . . . .  6

   d. Failure to Mitigate Damages . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

   e. Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

   f. DMCA Safe Harbor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

   g. Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

   h. Ownership/License . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

   i. Injunctive/Equitable Relief not Warranted . . . . . . . . . . . . . . . . .  13

   j. Invalidity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

   k. No Causation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

   l. Lack of Irreparable Harm . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

   m. Adequacy of Remedy of Law . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

 IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*ACLU v. Mukasey*,
534 F.3d 181 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Aguilar v. City Lights of China Restaurant, Inc.*,
2011 U.S. Dist. LEXIS 122531 (D. Md. Oct., 24, 2011) . . . . . . . . . . . . . . . . . 3

*Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*,
2014 U.S. Dist. LEXIS 115299 (M.D. Fla. 2014) . . . . . . . . . . . . . . . . . . . . . . . 2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bellevue Drug Co. v. CaremarksPCS*,
582 F.3d 432 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cassirer v. Thyssen-Bornemisza Collection Found.*,
2014 WL 5510996 (C.D. Cal. Oct. 31, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dilmore v. Alion Science & Technology Corp.*,
2011 U.S. Dist. LEXIS 74285 (W.D. Pa. July 11, 2011) . . . . . . . . . . . . . . . . . 3

*Dion v. Fulton Friedman & Gullace LLP*,
2012 U.S. Dist. LEXIS 5116 (N.D. Cal. Jan. 17, 2012) . . . . . . . . . . . . . . . . . . 3

*Gessele v. Jack in the Box, Inc.*,
2011 U.S. Dist. LEXIS 99419 (D. Or. Sept. 2, 2011) . . . . . . . . . . . . . . . . . . . . 3

*Guarino v. Wyeth LLC*,
823 F. Supp. 2d 1289 (M.D. Fla. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hawthorne v. Mac Adjustment, Inc.*,
140 F.3d 1367 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hayward v. Lee Cty. Sheriff's Office*,
2017 U.S. Dist. LEXIS 179244 (M.D. Fla 2017) . . . . . . . . . . . . . . . . . . . . . 1, 2

*Horsley v. Rivera*,
292 F.3d 695 (11th Cir. 2002)  . . . . . . . . . . . . . . . . . . . . . .    2, 5, 6, 10, 13, 15, 17

*Klaus v. Jonestown Bank & Trust Co.*,
2014 WL 1024591 (M.D. Pa. Mar. 14, 2014)  . . . . .    3, 4, 6, 7, 10, 12, 13, 15, 16

*Kohler v. Big 5 Corp.*,
2012 WL 1511748 (C.D. Cal. Apr. 30, 2012)  . . . . . . . . . . . . . . . . . . . . . . . . .    9

*Luxottica Group S.P.A. v. Cash America East, Inc.*,
198 F. Supp. 3d 1327 (M.D. Fla. 2016)  . . . . . . . . . . . . . .    7, 8, 10, 11, 12, 14, 16

*Maxum Indemnity Co. v. Florida Construction Services, Inc.*,
59 F. Supp. 3d 1382 (M.D. Fla. 2014)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

*Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*,
2005 WL 975773 (S.D.Fla. Mar. 4, 2005)  . . . . . . . . . . . .    7, 8, 10, 11, 12, 14, 16

*MidAmerica C2L Incorporated, et al v. Siemens Energy Incorporated*,
No. 20-11266 (11th Cir. 2023)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

*Mitchell A. POHL v. MH SUB I, LLC d/b/a Officite, LLC*,
314 F. Supp. 3d 1225 (N.D. Fla 2018)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

*Munoz v. Oceanside Resorts, Inc.*,
223 F.3d 1340 (11th Cir. 2000)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*PortionPac Chemical Corp. v. Sanitech Systems, Inc.*,
217 F. Supp. 2d 1238 (M.D. Fla. 2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*Reproductive Health Servs. v. Strange*,
3 F.4th 1240 (11th Cir. 2021)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 8

*Vogel v. Huntington Oaks Del. P'ners, LLC*,
291 F.R.D. 438 (C.D. Cal. 2013)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4, 9

*Yates v. Perko's Café*,
2011 U.S. Dist. LEXIS 70059 (N.D. Cal. June 29, 2011)  . . . . . . . . . . . . . . . .    3

**TREATISES**

iv

*Wright & Miller Federal Prac. & Procedure*
Civil 3d § 1274 (2011 Supp. at 290) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

## STATUTES

17 USC § 507(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

17 USC § 410(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

## RULES

Fed. R. Civ. P. Rule 8(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

Fed. R. Civ. P. 8(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 11, 13, 16

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

Fed. R. Civ. P. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

## MOTION FOR JUDGMENT ON THE PLEADINGS

## I.  INTRODUCTION

*Pro Se* Plaintiff, Gilbert Roman, pursuant to Fed. R. Civ. P. 12(c), moves for judgment on the pleadings on the following defenses asserted by Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Defendants") in their Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims (Doc. 36 at pgs. 15 through 18) as follows:

## II. LEGAL STANDARD

1.    The Court decides a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) under the same standard as an Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). The court accepts allegations in the pleadings as true while drawing reasonable inferences in favor of the nonmovant—in this case, the Defendants. *Reproductive Health Servs. v. Strange*, 3 F.4th 1240, 1258 (11th Cir. 2021). However, the allegations must be sufficient: ". . . to raise a right to relief above the speculative level." *Id.* (internal citation omitted). Absent any dispute on material facts, and where the Court can consider matters via substantive review of the pleadings, judgment on the pleadings is proper. *Hayward v. Lee Cty. Sheriff's Office*, 2017 U.S. Dist. LEXIS 179244 at 4 (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

2.   If it is clear, upon reviewing the pleadings, the Court finds the respondent would not and is not entitled to relief under any set of consistent and provable facts relevant to the asserted affirmative defenses, the Court ought to dismiss them. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). The pleadings consist of the complaint, answers, and counterclaim. *Maxum Indemnity Co. v. Florida Construction Services, Inc.*, 59 F. Supp. 3d 1382, 1385 (M.D. Fla. 2014). Also, "[p]ublic records are among the permissible facts that a district court may take judicial notice of and consider when ruling on a motion for judgment on the pleadings." *Hayward*, 2017 U.S. Dist. LEXIS 179244 at 3 through 4 (M.D. Fla. 2017); This also includes 'exhibits' attached to pleadings under consideration towards judgment on the pleadings. *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 2014 U.S. Dist. LEXIS 115299 at 5 (M.D. Fla. 2014) (internal citation omitted).

3.   Further, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, it demands more than the "unadorned, the-[party]-unlawfully-harmed-me accusation." *Ibid*. Whether the *Twombly/Iqbal* heightened pleading requirements apply to affirmative defenses is yet to be determined, as the Federal District Courts are divided on the issue. *See Wright & Miller Federal Prac. & Procedure:* Civil 3d § 1274 (2011 Supp. at 290).

4.    However, most District Courts agree that the *Twombly/Iqbal* heightened pleading standard does apply to affirmative defenses. *See, e.g., Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116 at 5 (N.D. Cal. Jan. 17, 2012) ("A majority of district courts have held that it does"); *Aguilar v. City Lights of China Restaurant, Inc.*, 2011 U.S. Dist. LEXIS 122531, at 5 through 6 (D. Md. Oct., 24, 2011) ("the majority of district courts…have concluded that the Twombly – Iqbal approach does apply to affirmative defenses"); *Gessele v. Jack in the Box, Inc.*, 2011 U.S. Dist. LEXIS 99419, at 4 (D. Or. Sept. 2, 2011) ("the majority of district courts across the country have extended Twombly's plausibility standard to affirmative defenses); *Dilmore v. Alion Science & Technology Corp.*, 2011 U.S. Dist. LEXIS 74285, at 13 through 14 (W.D. Pa. July 11, 2011) ("the emerging majority of district courts apply the Twombly/Iqbal standards to affirmative defenses"); *See Yates v. Perko's Café*, 2011 U.S. Dist. LEXIS 70059, at 9 (N.D. Cal. June 29, 2011).

5.    Even if a particular district has rejected the adoption of the heightened '*Twombly/Iqbal*' pleading standard regarding affirmative defenses submitted, "[there] must state some basis for asserting an affirmative defense, and [one] may not merely recite all potential affirmative defenses available. *Klaus v. Jonestown Bank & Trust Co.*, 2014 WL 1024591, at 2 (M.D. Pa. Mar. 14, 2014).

### III.    LEGAL ARGUMENT

#### a.    <u>No Infringement</u>

3

1.  'No infringement', Doc. 36 at 1, pg. 15, in this instance, is not an affirmative defense, but rather a legal argument, particularly where Plaintiff has brought a claim against the Defendants for, *inter alia*, copyright infringement. To make such an assertion as an affirmative defense is akin to asserting that Plaintiff has failed to state a claim. Failure to state a claim is also not an affirmative defense. It is a legal argument that refers to: ". . . a defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid *prima facie* case." *Vogel v. Huntington Oaks Del. P'ners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013).

2.  Further, Defendants state no basis for asserting 'no infringement' whatsoever; rather, Defendants claim to lack any salient information or knowledge to form a belief in anything in their answer. To follow with an assertion of 'no infringement' is not serious. Further, this Honorable Court has already ruled that Plaintiff's ". . . complaint plausibly states a claim for copyright infringement." Doc. 35 at pg. 4.

3.  This Court ought to dismiss Defendants' first affirmative defense as it is not an affirmative defense but a legal argument; this Court already ruled that Plaintiff has stated a claim for copyright infringement; Doc. 35 at pg. 4; and Defendants state no basis for asserting such an affirmative defense but instead are merely pleading all potential affirmative defenses.

4.  Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here.

5.     Here, Defendants simply state: "[Defendants] do[] not infringe and ha[ve] not infringed the asserted copyright." This statement is not only bereft of anything to speculate upon, but there are also no facts alleged or asserted availing the Defendants of relief, and therefore, Defendants' First Affirmative Defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

b.  Lack of Notice

1.     While the Defendants filed a rigorous Motion to Dismiss Plaintiff's Second Amended Complaint on July 23, 2024, there is no mention of a 'lack of notice' in the document, Doc. 30, and therefore, the inverse is true: "[Defendants] . . . should not be permitted to raise this theory because [Defendants] had not put [Plaintiff] . . . on notice of it. *MidAmerica C2L Incorporated, et al v. Siemens Energy Incorporated*, No. 20-11266 at pg. 43, (11th Cir. 2023) (internal citation omitted).

2.     The Federal Rules of Civil Procedure make clear that a defendant raising an affirmative defense must "affirmatively state" it.  Fed. R. Civ. P. 8(c).  And this requires, at the minimum, putting the plaintiff on notice of the nature of the defense.  See *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).

3.     The Defendants did no such thing, but rather simply opted to list the near entirety of Fed. R. Civ. P. 8(c)(1), Doc. 36 at pgs. 15 through 18), in an apparent hope that one or more affirmative defenses might apply, thus wasting the Court's and the Plaintiff's very limited resources.

4.  Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here.

5.  Here, Defendants simply state: "Plaintiff did not provide timely effective notice of its claim prior to suit." Doc. 36 at 2, pg. 15. This not only fails the *Twombly/Iqbal* standard of pleading, but the lesser standard as well, and thus, as the statement, "[Defendants] do[] not infringe and ha[ve] not infringed the asserted copyright," is not only bereft of anything to speculate upon, there are no facts alleged or asserted availing the Defendants to relief, and therefore, Defendants' Second Affirmative Defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

### c.  Not Liable for Acts of Third Parties

1.  Not liable for acts of third parties is not an affirmative defense in this instance, particularly since Plaintiff claims, *inter alia*, vicarious, and/or contributory liability. Rather, Defendants' affirmative defense, as pled, is a legal argument. Throughout Defendants' Answer, Affirmative Defenses (referred to as "Additional Defenses"), and Counterclaims, Defendants claim to lack sufficient knowledge or information to form a belief as to their relationship with Third Parties related to this action nor whether such Third Parties even exist; however, they assert a blanket affirmative defense of 'no liability' as though such an iteration is a talisman to dispel liability. Doc. 36 at 1 through 59.

2.  At a maximum, Defendants' assertion of not being liable for the acts of third parties is a barebones recitation of part of an assertion any serious proponent

would state in conjunction with reasons why they are not liable for the acts of third parties, including 'which' and 'who' and 'when', etc.,—the reason why. Defendants have done no such thing. Plaintiff claims, *inter alia*, vicarious and/or contributory liability against the Defendants in its Second Amended Complaint, Doc. 29, which directly implicates Defendants' liability for the acts of third parties.

3.     Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here. Defendants simply state: "[Defendants are] not liable for the alleged acts of third parties in this case." Doc. 36 at 3, pg. 15. This fails the *Twombly/Iqbal* standard of pleading and the lesser as it omits any basis for the assertion and amounts to a simple recitation of all things possible.

### d.  Failure to Mitigate Damages

1.     In this instance, as the failure to mitigate damages is asserted as affirmative, the Defendants bear the burden of establishing this defense at trial. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). However, ". . . even if the defense were appropriate here, [Defendants] [have] failed to plead any facts to support it, as the assertion: ". . . failure to mitigate damages . . . [should be] stricken because . . . [it] . . . contain[s] only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Luxottica Group S.P.A. v. Cash America East, Inc.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at 12

(S.D.Fla. Mar. 4, 2005) (affirmative defenses of failure to state a claim, failure to mitigate damages . . . stricken because each . . . contained only "a bare-bones conclusory allegation . . . naming a legal theory but does not indicate how the theory is connected to the case at hand.")

2. Here, Defendants simply state: "Plaintiff's claims against [Defendants], if any, are barred, in whole or in part, by failure to mitigate damages." Doc. 36 at 4, pg. 16. As early as 2005, this Circuit, in its wisdom, has demanded more than "barebones assertions" of affirmative defenses. *See Luxottica Group S.P.A.*, 2005 WL 975773 at 12 (S.D.Fla. Mar. 4, 2005) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)).

3. Still, this Circuit has maintained consistency, as for Defendants' affirmative defense to survive, it must be more than "speculative." *Reproductive Health Servs.*, 3 F.4th 1240, 1258 (11th Cir. 2021) (internal citations omitted). Defendants' assertion that, "Plaintiff's claims against [Defendants] . . . fail[] to mitigate damages," Doc. 36 at 4, pg. 16, does not even offer anything to speculate upon, but instead states a legal theory without connecting facts—the same error for which this District has struck affirmative defenses for, consistently. *See Luxottica Group S.P.A.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)).

e.  <u>Failure to State a Claim</u>

1. Failure to State a Claim is not an affirmative defense, but rather a legal argument. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 2014 WL

5510996, at 3 (C.D. Cal. Oct. 31, 2014) and *Kohler v. Big 5 Corp.*, 2012 WL 1511748, at 3 (C.D. Cal. Apr. 30, 2012). It refers to: ". . . a defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid *prima facie* case." *Vogel*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). In its Order of March 25, 2025, this Honorable Court ruled that: ". . . accepting each of [Plaintiff's] allegations as true, the . . . complaint plausibly states a claim for copyright infringement." Doc. 35 at pg. 4.

2.    This Court stated so in response to Defendants' Motion to Dismiss, where Defendants asserted, *inter alia*, that: ". . . there is no amendment to the [complaint] that could cure Roman's failure to state a claim . . .." Doc. 30 at pg. 8. The Federal Courts, in their wisdom, maintain consistency within a single proceeding, *Bellevue Drug Co. v. CaremarksPCS*, 582 F.3d 432, 439 (3d Cir. 2009), by adhering to the norm that: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2009) (internal citation omitted).

3.    This Court ought to dismiss Defendants' fifth affirmative defense as it is not an affirmative defense but a legal argument; this Court already ruled that Plaintiff has stated a claim for copyright infringement; Doc. 35 at pg. 4; and Defendants state no basis for asserting such an affirmative defense but instead are merely pleading all potential affirmative defenses.

f.   DMCA Safe Harbor

1.  Paragraph 1 under subsection 'b. Lack of Notice' above is repeated here as though fully submitted here. Plaintiff did issue a takedown notice (actual and/or constructive) as early as February 11, 2023, of which, Defendants refused to comply, stating: "[w]e have reviewed your notice and determined this item will not be removed from sale . . .." (*See infra* 'Exhibit 2').

2.  "[E]ven if this defense were appropriate here, [Defendants] [have] failed to plead any facts to support it," *Luxottica Group S.P.A.* 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill* at 12, 2005 WL 975773 (S.D.Fla. 2005)), but only offer a "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Ibid*. For example, Defendants acknowledge Plaintiff's contact in regard to their intellectual property rights as much as six months prior to suit, Doc. 36 at 30 and 32, pgs. 6 through 8, yet do not acknowledge that upon receiving a takedown notice, Defendants refused (*See infra* Exhibit 2).

3.  Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here. Defendants state no basis for asserting the DMCA, save for a barebones conclusory allegation that refers to the DMCA but does not indicate how the theory is relevant to this case. *Luxottica Group S.P.A.* 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill* at 12, 2005 WL 975773 (S.D.Fla. 2005)). Further, Defendants do not allege or assert any facts availing them of relief, and thus Defendants' sixth affirmative defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

4.   This Court ought to dismiss Defendants' sixth affirmative defense because the Defendants have raised this defense without notice, therefore prejudicing the Plaintiff; Defendants received a takedown notice and refused to comply (*See infra* Exhibit 2); in light of Defendants having sight of a takedown notice (and bearing the burden of knowing the reason for their refusal to adhere to a takedown notice) Defendants have pled no facts to support their submission; and Defendants state no basis for asserting such an affirmative defense but instead are merely pleading all potential affirmative defenses.

### g.  Statute of Limitations

1.   Defendants submit that "[a]ny claim by Plaintiff is limited by the three-year statute of limitations." Doc. 36 at 7, pg. 16. Plaintiff's book was first published in April 2022 (*See infra* Exhibit 1). Plaintiff's Second Amended Complaint was filed on July 17, 2024. Doc. 29. Defendants are fully aware that Plaintiff has acted within the three-year statute of limitations under 17 USC § 507(b). The only conclusion one can deduce from Defendants' submission is that it is a continuation of Defendants' blanket recitation of all affirmative defenses under Fed. R. Civ. P. 8(c)(1). Doc. 36 at 1 through 13, pgs. 15 through 18.

2.   "[E]ven if this defense were appropriate here, [Defendants] [have] failed to plead any facts to support it," *Luxottica Group S.P.A.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)), but only offer a "a bare-bones conclusory allegation which simply names a legal

theory but does not indicate how the theory is connected to the case at hand."
*Ibid*.

3.   Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here.

4.   This Court ought to dismiss Defendants' seventh affirmative defense as Plaintiff filed their second amended complaint within the three-year statute of limitations and Defendants state no basis for asserting such an affirmative defense but instead are merely pleading all potential affirmative defenses.

### h.   Ownership/License

1.   Defendants submit that ". . . Plaintiff does not own the copyright in the allegedly infringed work, and/or authorized others to make products that Plaintiff now accuses." Doc. 36 at 8, pg. 16. This is demonstrably false (*See infra* Exhibit 1). Further, Defendants refer to Plaintiff's copyright registration number 'TX0009413427' accurately and multiple times within its Answer, Doc. 36 at 2, pg. 19, and at 16 and 17, pg. 21, suggesting that Defendants have already acknowledged Plaintiff's ownership of the copyright in their book, "Time Is The Moral Compass Of Truth."

2.   "[E]ven if this defense were appropriate here, [Defendants] [have] failed to plead any facts to support it," *Luxottica Group S.P.A.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)), but only offer a "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand."

*Ibid.* For example, if Defendants believe Plaintiff is not the owner of the relevant copyright, they have not indicated who they believe is—just that it is not the Plaintiff's. Further, Defendants do not allege or assert any facts availing them of relief, and thus Defendants' Eighth Affirmative Defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

3. Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here.

4. This Court ought to dismiss Defendants' eighth affirmative defense because Plaintiff has demonstrated ownership of the relevant copyright; Defendants have acknowledged Plaintiff's ownership of the relevant copyright; Defendants plead no facts to support the affirmative defense of 'Ownership/License'; and Defendants allege no facts or state no basis for asserting such an affirmative defense but instead are merely pleading all potential affirmative defenses.

### i. Injunctive/Equitable Relief not Warranted

1. 'Injunctive/equitable relief not warranted', Doc. 36 at pg. 17, is not an affirmative defense under Fed. R. Civ. P. 8(c)(1) but is instead a legal conclusion. Further, Defendants deny that they possess tangible real and personal property and assets including, but not limited to, cash, stock, real estate, bank savings and other financial accounts, consisting of profits. Doc. 36 at 56. If this is true, Plaintiff's injury is not only immediate and irreparable, but is exacerbated, as Plaintiff is of such limited means that they chose to bring this proceeding *pro se*.

2.  "[E]ven if this defense were appropriate here, [Defendants] [have] failed to plead any facts to support it," *Luxottica Group S.P.A.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)), but only offer a "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Ibid*.

3.  This Court ought to dismiss Defendants' ninth affirmative defense as Plaintiff's injuries are immediate and irreparable; Defendants have not submitted an affirmative defense but a legal argument; and Defendants state no basis for asserting such an affirmative defense but instead are merely submitting a conclusory allegation that refers to a legal theory.

### j.  Invalidity

1.  Defendants submit that: ". . . one or more of the Registrations that Plaintiff asserts in this action are invalid . . . for failure to meet the conditions of copyright, including but not limited to lack of originality, and/or otherwise comply with one or more provisions of Title 17 of the United States Code." Doc. 36 at 10, pg. 17. First, "[o]nce the plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that 'the work in which copyright is claimed is unprotectable (for lack of originality).'" *Mitchell A. POHL v. MH SUB I, LLC d/b/a Officite, LLC*, 314 F. Supp. 3d 1225, 1230 (N.D. Fla 2018) (internal citations omitted).

2.  Second, "[i]n any judicial proceedings the certificate of [] registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 USC § 410(c). Plaintiff's certificate of registration is exhibited below (*See infra* Exhibit 1).

3.  Third, "[t]o be "original," the work does not need to be novel; rather, "originality" is a constitutional requirement that means that the work "was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *PortionPac Chemical Corp. v. Sanitech Systems, Inc.*, 217 F. Supp. 2d 1238, 1245 (M.D. Fla. 2002) (internal citation omitted). Defendants fail to state who or from what Plaintiff's copyrighted work was copied from. Rather, Plaintiffs simply state 'lack of originality', and then throw in the entire Title 17 of the US Code for 'backup'.

4.  Fourth, paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here.

5.  Fifth, Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here. Sixth, Defendants do not allege or assert any facts availing them of relief, and thus Defendants' Eighth Affirmative Defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

6.  This Court ought to dismiss Defendants' tenth affirmative defense as Plaintiff has produced a certificate of copyright registration (*See infra* Exhibit 1); Plaintiff's exhibited certificate of copyright registration is *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate injuries are immediate and irreparable; Defendants have cited no work or author who Plaintiff is to have copied; Defendants' submission is a barebones conclusory allegation that states a legal theory but does not state how it is relevant to Plaintiff's claim; Defendants state no basis for submitting such an affirmative defense; and, Defendants do not allege or assert any facts availing them of relief.

### k.  <u>No Causation</u>

1.  Defendants submit that: "Plaintiff's claims against [Defendants] . . . are barred . . . because Plaintiff's damages were not caused by [Defendants]." Doc. 36 at 12, pg. 17. This submission is not an affirmative defense under Fed. R. Civ. P. 8(c)(1) but is instead a legal conclusion. "[E]ven if this defense were appropriate here, [Defendants] [have] failed to plead any facts to support it," *Luxottica Group S.P.A.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (*citing Merrill*, 2005 WL 975773 at 12 (S.D.Fla. 2005)), but only offer a "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Ibid*.

2.  Paragraph 5 under caption: "II. LEGAL STANDARD" above is repeated here as though fully submitted here. Further, Defendants do not allege or assert any

facts availing them of relief, and thus Defendants' Eighth Affirmative Defense ought to be dismissed. *Horsley*, 292 F.3d 695, 700 (11th Cir. 2002).

3.    This Court ought to dismiss Defendants' eleventh affirmative defense as Defendants have not pled an affirmative defense, but rather a legal theory/conclusion; Defendants only offer a barebones conclusory allegation rather than facts that support their assertion; and, Defendants have stated no basis for asserting this defense but have simply included it as part of its recitation of every conceivable affirmative defenses found in law in general.

### l.   Lack of Irreparable Harm

1.    Paragraphs 1 through 2 under subsection 'i. Injunctive/Equitable Relief not Warranted', above are repeated here as though fully submitted here.

2.    This Court ought to dismiss Defendants' twelfth affirmative defense as Plaintiff's injuries are irreparable; Defendants have not submitted an affirmative defense but a legal argument; and Defendants state no basis for asserting such an affirmative defense but instead are merely submitting a conclusory allegation that refers to a legal theory.

### m. Adequacy of Remedy of Law

1.    Paragraphs 1 through 2 under subsection 'i. Injunctive/Equitable Relief not Warranted' above are repeated here as though fully submitted here.

2.    This Court ought to dismiss Defendants' thirteenth affirmative defense as Defendants' asserted bankrupted state is unavailing to relief for the Plaintiff; Defendants have not submitted an affirmative defense but a legal argument; and

Defendants state no basis for asserting such an affirmative defense but instead are merely submitting a conclusory allegation that refers to a legal theory.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a judgment on the pleadings dismissing Defendants' Affirmative Defenses, pled as 'Additional Defenses' in their Answer, Affirmative Defenses, and Counterclaims. Doc. 36.

I declare under penalty of perjury that the above is true and correct.

April 23, 2025
Dated

/s/Gilbert Roman
Signature, *Pro Se* Plaintiff
Gilbert Roman
950 Woodlark Drive
Haines City, FL 33844
(516)458-9105
groman2009@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the foregoing document with the Clerk of the Court via the Electronic Document Submission Portal. I also certify that the foregoing document is being served on this day on Defendant's counsel of record via email transmission and first-class mail.

Exhibit 1



19

Exhibit 2

 **ip-inquiries@amazon.com** 🛡 www.amazon.com >        Sun, Feb 11 at 2:10 PM  ☆
From: ip-inquiries@amazon.com
To: groman2009@yahoo.com

Hello,

Thank you for your message. We have reviewed your notice and determined this item will not be removed from sale based on the information you have provided.

Please, contact the KDP team to assist with questions like yours :
https://kdp.amazon.com/contact-us

Complaint ID : 14709116991

Regards,
Amazon.com