# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GILBERT ROMAN,**
Pro Se

               Plaintiff,

v.

**AMAZON.COM, INC. and
AMAZON.COM SERVICES LLC,**

               Defendants.

**CASE NO. 8:24-cv-00540 SDM-AAS**


## DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S RESPONSE TO PLAINTIFF'S <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

# <u>TABLE OF CONTENTS</u>

Page(s)

INTRODUCTION -------------------------------------------------------------------1

ARGUMENT ---------------------------------------------------------------------2

I.  PLAINTIFF'S MOTION SHOULD BE DENIED AS
    PROCEDURALLY IMPROPER. ------------------------------------------2

    A.  Rule 12(c) Motions Resolve Claims When There Are
        No Issues of Material Fact. ----------------------------------------2

    B.  Insufficient Defenses May Be Stricken Under Rule 12(f)
        Motions if the Defendant Cannot Succeed Under Any
        Set of Facts. ---------------------------------------------------------3

II. EVEN IF PLAINTIFF'S MOTION IS TREATED AS A MOTION TO
    STRIKE UNDER RULE 12(F), THE COURT SHOULD STILL DENY
    IT.--------------------------------------------------------------------------5

    A.  Rule 12(f) Motions are Disfavored and Should Be Denied
        Unless a Defense Has No Possible Relationship to the
        Controversy, May Confuse the Issues, or Would Prejudice a
        Party. -----------------------------------------------------------------6

    B.  This Court Does Not Apply the Heightened Plausibility
        Pleading Standard to Defenses. -----------------------------------7

    C.  Plaintiff Incorrectly Characterizes All Additional Defenses
        as Affirmative Defenses. -------------------------------------------9

    D.  Each of the Additional Defenses at Issue Provides Fair
        Notice of Defenses That May be Raised at Trial.--------------- 10

        1.  No Infringement ----------------------------------------- 10

        2.  Lack of Notice -------------------------------------------- 11

        3.  Not Liable for Acts of Third Parties----------------------- 12

        4.  Failure to Mitigate Damages-------------------------------- 13

5.    Failure to State a Claim -------------------------------------- 14

6.    DMCA Safe Harbor --------------------------------------------- 15

7.    Statute of Limitations-------------------------------------------- 15

8.    Ownership, License --------------------------------------------- 16

9.    Injunctive/Equitable Relief Not Warranted; Lack of Irreparable Harm; and Adequacy of Remedy at Law - 17

10.    Invalidity -------------------------------------------------------- 19

11.    No Causation --------------------------------------------------- 19

CONCLUSION----------------------------------------------------------------------- 20

CERTIFICATE OF SERVICE------------------------------------------------------- 22

# TABLE OF AUTHORITES

Page(s)

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
No. 3:15-CV-00164-J-20MCR, 2019 WL 11648463 (M.D. Fla. Jan. 16, 2019) ......... 8, 13, 17

*Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville*,
No. 3:15-CV-1380-J-32PDB, 2016 WL 816586 (M.D. Fla. Mar. 2, 2016).................8

*Aguilar v. City Lights of China Rest., Inc.*,
No. CIV.A. DKC 11-2416, 2011 WL 5118325 (D. Md. Oct. 24, 2011).....................5

*Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*,
No. 2:12-CV-443-FTM-29CM, 2014 WL 4092572 (M.D. Fla. Aug. 19, 2014) .........5

*Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971).................................................................................................12

*Burns v. City of Cape Coral*,
No. 2:10-CV-573-FTM-29DNF, 2011 WL 2222169 (M.D. Fla. June 7, 2011) ........15

*Dilmore v. Alion Sci. & Tech. Corp.*,
No. CIV.A. 11-72, 2011 WL 2690367 (W.D. Pa. July 11, 2011) ...............................5

*Dion v. Fulton Friedman & Gullace LLP*,
No. 11-2727 SC, 2012 WL 160221 (N.D. Cal. Jan. 17, 2012) ...................................5

*Dunning v. Tang Thuyen*,
No. 8:11-CV-2340-T-33TGW, 2012 WL 882549 (M.D. Fla. Mar. 15, 2012) ..........8-9

*Dzafic v. Geovera Specialty Ins. Co.*,
No. 8:08-CV-0026-T-24-EAJ, 2008 WL 2950125 (M.D. Fla. July 31, 2008) .......7, 14

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)................................................................................................18

*Gessele v. Jack in the Box, Inc.*,
No. 3:10-CV-960-ST, 2011 WL 3881039 (D. Or. Sept. 2, 2011)...............................5

*Grajales v. Genesco, Inc.*,
No. 8:23-CV-420-SCB-TGW, 2023 WL 5522698 (M.D. Fla. Aug. 28, 2023)............3

*Guarino v. Wyeth LLC*,
  823 F. Supp. 2d 1289 (M.D. Fla. 2011), *aff d*, 719 F.3d 1245 (11th Cir. 2013) ......... 5

*Harvey v. Lake Buena Vista Resort, LLC*,
  568 F. Supp. 2d 1354 (M.D. Fla. 2008). ................................................................. 6, 15

*Hawthorne v. Mac Adjustment, Inc.*,
  140 F.3d 1367 (11th Cir. 1998) ............................................................................ 3, 5

*Hayward v. Lee Cnty. Sheriff's Off.*,
  No. 2:14-CV-244-FTM-29MRM, 2017 WL 6550866 (M.D. Fla. Oct. 30, 2017) ....... 5

*Heath v. Deans Food T.G. Lee*,
  No. 6:14-CV-2023-ORL-28TBS, 2015 WL 1524083 (M.D. Fla. Apr. 2, 2015) .......... 8

*Horsley v. Rivera*,
  292 F.3d 695 (11th Cir. 2002) ............................................................................. 3, 5

*J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*,
  No. 19-23732-CIV, 2020 WL 4926582, (S.D. Fla. May 20, 2020) ........................... 20

*Klaus v. Jonestown Bank & Trust Co.*,
  2014 WL 1024591 (M.D. Pa. Mar. 14, 2014) .......................................................... 4-5

*Leveille v. Upchurch*,
  No. 3:19-CV-908-BJD-MCR, 2021 WL 1530728 (M.D. Fla. Apr. 19, 2021) ......... 4, 8

*Luxottica Group S.P.A. v. Cash Am. E., Inc.*,
  198 F. Supp. 3d 1327 (M.D. Fla. 2016 .......................................................... 4, 13, 14

*Maxum Indem. Co. v. Fla. Const. Servs., Inc.*,
  59 F. Supp. 3d 1382 (M.D. Fla. 2014) ..................................................................... 5

*McGlothan v. Walmart Stores, Inc.*,
  No. 6:06–CV–94–ORL–28JGG, 2006 WL 1679592 (M.D. Fla. June 14, 2006) ......... 9

*Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*,
  No. 04-60861-CIVMARTINEZ, 2005 WL 975773 (S.D. Fla. Mar. 4, 2005) ............. 5

*MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 WL 2733512 (11th
  Cir. Mar. 31, 2023) ............................................................................................... 12

*Moore v. R. Craig Hemphill & Assocs.*,
  No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ............... 8

*Nankivil v. Lockheed Martin Corp.*,
  216 F.R.D. 689 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ................ 4

*Peter Letterese And Assocs., Inc. v. World Inst. Of Scientology Enters.*,
  533 F.3d 1287 (11th Cir. 2008) ...................................................................... 18

*Reprod. Health Servs. v. Marshall*,
  268 F. Supp. 3d 1261 (M.D. Ala. 2017) ........................................................... 5

*Reprod. Health Servs. v. Strange*,
  3 F.4th 1240 (11th Cir. 2021) ......................................................................... 5

*Reyher v. Trans World Airlines, Inc.*,
  881 F. Supp. 574 (M.D. Fla. 1995) ................................................................. 6

*Roberts v. Gordy*,
  877 F.3d 1024 (11th Cir. 2017) ..................................................................... 19

*Rosada v. John Wieland Homes and Neighborhoods, Inc.*,
  No. 3:09-cv-653-J-20MCR, 2010 WL 1249841 (M.D. Fla. Mar. 25, 2010) ............... 4

*Sec. & Exch. Comm'n v. Montano*,
  No. 6:18-CV-1606-ORL-31GJK, 2019 WL 2256520 (M.D. Fla. Jan. 7, 2019) ..... 9, 10

*Smith v. Osceola Cnty.*,
  No. 6:24-CV-1746-CEM-LHP, 2025 WL 934371 (M.D. Fla. Mar. 27, 2025). passim

*Vann v. Inst. of Nuclear Power Operations, Inc.*,
  No. 1:09-CV-1169-CC-LTW, 2010 WL 11601718 (N.D. Ga. July 15, 2010) ........... 2

*Vogel v. Huntington Oaks Delaware Partners, LLC*,
  291 F.R.D. 438 (C.D. Cal. 2013) ................................................................. 5, 10

*VP Props. & Devs., LLP v. Seneca Specialty Ins. Co.*,
  645 F. App'x 912 (11th Cir. 2016) ................................................................... 9

*Yates v. Perko's Cafe*,
  No. C 11-00873 SI, 2011 WL 2580640 (N.D. Cal. June 29, 2011) ........................ 5

**Other Authorities**

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2004). ................. 6

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 1998) ................. 3

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2004) ................. 2

**Rules**

Fed. R. Civ. P. 8 .................................................................................................. 16

Fed. R. Civ. P. 12 ................................................................................... 1, 2, 3, 4

L.R. 3.01 ............................................................................................................ 1

## INTRODUCTION

Amazon.com, Inc. and Amazon.com Services LLC ("Defendants") hereby respond to plaintiff Gilbert Roman's ("Plaintiff") Motion for Judgment on the Pleadings. (Doc. 38.) The Court should deny Plaintiff's motion as it is procedurally improper and lacks a basis in controlling law.

Plaintiff purports to bring a motion under Rule 12(c) seeking "judgment on the pleadings on defendants' affirmative defenses." (Doc. 38.) But Plaintiff is not really arguing that there are no material fact disputes such that the Court can render *judgment* as a matter of law on each of the Additional Defenses as he would need to do under Rule 12(c). Instead, Plaintiff's motion challenges the *sufficiency* with which the Additional Defenses are pled. As such, Plaintiff's motion is more properly brought under Rule 12(f).

The Court should deny Plaintiff's motion, even if considered under Rule 12(f). Not only are motions to strike disfavored, Plaintiff's arguments are based on a heightened pleading standard not followed by this Court for evaluating the sufficiency of pled defenses. Further, Plaintiff failed to confer in "good faith" about his motion as required before filing a motion to strike. L.R. 3.01(g). Additionally, in referring to all of the Additional Defenses as "affirmative defenses," Plaintiff improperly conflates affirmative defenses, for which Defendants bear the burden

of proof, with defenses that merely challenge the sufficiency of Plaintiff's claims and that should be treated as specific denials and not stricken.

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER.

Plaintiff purports to bring a Rule 12(c) motion for judgment on the pleadings, but Plaintiff is not arguing that there are no disputes of material fact justifying dismissal of each of Defendants' Additional Defenses. Instead, Plaintiff challenges the sufficiency of how each of Defendants' Additional Defenses are pled. While it is true that a "[f]ailure to . . . state a legal defense to a claim may be raised . . . by a motion under Rule 12(c)," Fed. R. Civ. P. 12(h)(2), courts have recognized that Rule 12(f) is the "proper vehicle for challenging insufficient defenses." *Vann v. Inst. of Nuclear Power Operations, Inc.*, No. 1:09-CV-1169-CC-LTW, 2010 WL 11601718, at *4 (N.D. Ga. July 15, 2010); *see also* 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2004) (stating that Rule 12(f) is the "primary procedure for objecting to an insufficient defense").

#### A. Rule 12(c) Motions Resolve Claims When There Are No Issues of Material Fact.

Under Rule 12(c) "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When reviewing a motion for judgment on the pleadings, "[a]ll facts in the complaint must be accepted as true and viewed in a light most favorable to the

nonmoving party." *Grajales v. Genesco, Inc.*, No. 8:23-CV-420-SCB-TGW, 2023 WL 5522698, at *2 (M.D. Fla. Aug. 28, 2023) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "Judgment on the pleadings under Rule 12(c) is appropriate when *there are no material facts in dispute*, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (emphasis added) (citing *Hawthorne*, 140 F.3d at 1370).

Plaintiff's motion does not argue there are no disputes of material fact. Nor could he. This case is at an early stage and the record is not so developed as to be able to say there are *no issues* of material fact supporting judgment as a matter of law as to Defendants' defenses. For example, as to Defendants' non-infringement defense, the parties dispute whether Defendants were authorized to display and sell the allegedly infringing product listing such that they are not liable for copyright infringement. (*See* Doc. 36 at 19–21; Doc. 37 at 1–5.) "[F]ederal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner."5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 1998).

### B.    Insufficient Defenses May Be Stricken Under Rule 12(f) Motions if the Defendant Cannot Succeed Under Any Set of Facts.

Whereas Rule 12(c) motions seek *judgment* on the pleadings, Rule 12(f) motions seek to streamline pleadings and may be used to "strike from a pleading

an insufficient defense." Fed. R. Civ. P. 12(f). "The court may strike a defense that is insufficient as a matter of law[,]" *i.e.*, "if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Leveille v. Upchurch*, No. 3:19-CV-908-BJD-MCR, 2021 WL 1530728, at *1 (M.D. Fla. Apr. 19, 2021) (internal quotations marks and citation omitted). "Also, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under *any set of facts which it could prove*.'" *Id.* (emphasis added) (quoting *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, *1 (M.D. Fla. Mar. 25, 2010)). Like a motion brought under Rule 12(c) or Rule 12(b)(6), "when evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003).

Because Plaintiff is claiming that Defendants' Additional Defenses are insufficiently pled, Plaintiff's motion should have been filed under Rule 12(f). Indeed, the cases that Plaintiff relies on to argue that Defendants' defenses are not sufficiently pled all involved motions to strike defenses brought under Rule 12(f).[1]

---

[1] *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1332 (M.D. Fla. 2016) (granting in-part and denying in-part a motion to strike affirmative defenses); *Klaus v. Jonestown Bank & Trust Co.*, 2014 WL 1024591, at *1 (M.D. Pa. Mar. 14, 2014) (granting in-part and denying in-part a motion to strike affirmative

And the only in-circuit decisions Plaintiff cites involving Rule 12(c) motions

sought judgment on *claims*, not defenses.[2] As discussed further below, this Court

treats the sufficiency of how defenses are pled differently from claims.

## II. EVEN IF PLAINTIFF'S MOTION IS TREATED AS A MOTION TO STRIKE UNDER RULE 12(F), THE COURT SHOULD STILL DENY IT.

Defendants are cognizant of Plaintiff's *pro se* status and "[a]s has been

indicated by a considerable number of federal courts[,]" Defendants acknowledge

---

defenses); *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (granting motion to strike affirmative defenses with leave to amend the answer); *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *1-2 (N.D. Cal. Jan. 17, 2012) (granting motion to strike affirmative defenses; holding that the plausibility pleading standard applied to affirmative defenses); *Aguilar v. City Lights of China Rest., Inc.*, No. CIV.A. DKC 11-2416, 2011 WL 5118325, at *5 (D. Md. Oct. 24, 2011) (same); *Yates v. Perko's Cafe*, No. C 11-00873 SI, 2011 WL 2580640, at *5 (N.D. Cal. June 29, 2011) (same); *Dilmore v. Alion Sci. & Tech. Corp.*, No. CIV.A. 11-72, 2011 WL 2690367, at *5–6 (W.D. Pa. July 11, 2011) (denying motion to strike defensive pleadings; finding that "at least under current Third Circuit law, *Twombly* and *Iqbal* are not applicable to defensive pleadings"); *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2011 WL 3881039, at *2 (D. Or. Sept. 2, 2011) (applying plausibility pleading standard to affirmative defenses in motion to strike); *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *13 (S.D. Fla. Mar. 4, 2005) (granting motion to strike affirmative defenses).

[2] *Reprod. Health Servs. v. Marshall*, 268 F. Supp. 3d 1261, 1266 (M.D. Ala. 2017) (cross Rule 12(c) motions on plaintiffs' claims), *aff'd sub nom. Reprod. Health Servs. v. Strange*, 3 F.4th 1240 (11th Cir. 2021) (subsequent history omitted); *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1373 (11th Cir. 1998); *Hayward v. Lee Cnty. Sheriff's Off.*, No. 2:14-CV-244-FTM-29MRM, 2017 WL 6550866, at *1 (M.D. Fla. Oct. 30, 2017); *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-CV-443-FTM-29CM, 2014 WL 4092572, at *1 (M.D. Fla. Aug. 19, 2014); *Maxum Indem. Co. v. Fla. Const. Servs., Inc.*, 59 F. Supp. 3d 1382, 1383 (M.D. Fla. 2014); *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011), *aff'd*, 719 F.3d 1245 (11th Cir. 2013).

that with respect to a procedurally defective Rule 12(c) motion, the Court may "apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought . . . under Rule 12(f)." 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2004). Nevertheless, even if the Court treats Plaintiff's motion as brought under Rule 12(f), it should still be denied as a disfavored tactic and improper under the circumstances presented here.

### A.     Rule 12(f) Motions are Disfavored and Should Be Denied Unless a Defense Has No Possible Relationship to the Controversy, May Confuse the Issues, or Would Prejudice a Party.

"[M]otions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has *no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party*." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (emphasis added).

Plaintiff does not assert that Defendants' affirmative defenses are patently frivolous or are clearly invalid as a matter of law. Plaintiff also does not argue that the affirmative defenses are unrelated to the controversy or would confuse the

issues. In almost all cases, Plaintiff does not contend that Defendants' assertion of the Additional Defenses causes prejudice to Plaintiff. A purpose of an answer is to put a plaintiff on notice of defenses that may be raised, so that a plaintiff can take necessary discovery and avoid unfair surprise at trial. Defendants' answer does precisely that. The Court should find that Plaintiff would not be prejudiced merely by allowing defenses to remain asserted in the answer, particularly where "at the time of pleading, the parties have conducted little or no discovery." *See, e.g.*, *Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-CV-0026-T-24-EAJ, 2008 WL 2950125, at *2 (M.D. Fla. July 31, 2008) (refusing to strike certain affirmative defenses because, among other reasons, the plaintiff would "not be prejudiced by allowing them to remain").

### B. This Court Does Not Apply the Heightened Plausibility Pleading Standard to Defenses.

The crux of Plaintiff's argument is that Defendants' Additional Defenses should be dismissed because Plaintiff contends that they do not meet the plausibility pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Plaintiff further contends that "most District Courts agree that the *Twombly/Iqbal* heightened pleading standard does apply to affirmative defenses." (Doc. 38 at 8.) Plaintiff is incorrect.

This Court has previously rejected arguments that the "enhanced pleading requirements of *Iqbal* and *Twombly* should apply to affirmative defenses,"

observing that "[t]his issue has not been addressed either by the Supreme Court or the Eleventh Circuit Court of Appeal." *Leveille*, 2021 WL 1530728, at *2 ("This Court, however, is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses."); *see also Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville*, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *2 (M.D. Fla. Mar. 2, 2016) (recognizing that extending the plausibility standard to affirmative defenses "is now the minority approach").

Instead of requiring detailed factual allegations, the Court has required that defendants provide "fair notice" of defenses that may be raised at trial. *See, e.g., Leveille*, 2021 WL 1530728, at *2 ("the Eleventh Circuit has repeatedly emphasized the purpose of Rule 8(c) is simply to provide the plaintiff with notice of potential defenses that may be raised at trial") (citation omitted); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-CV-00164-J-20MCR, 2019 WL 11648463, at *8 (M.D. Fla. Jan. 16, 2019) ("Rules 8(b) and 8(c) only require parties to state their defenses") (citation omitted); *Heath v. Deans Food T.G. Lee*, No. 6:14-CV-2023-ORL-28TBS, 2015 WL 1524083, at *1 (M.D. Fla. Apr. 2, 2015); *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) ("declin[ing] to strike the defendants' defense paragraphs on the ground that they do not include supporting factual allegations"); *Dunning v. Tang Thuyen*, No.

8:11-CV-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012) (citing "fair notice" requirement); *McGlothan v. Walmart Stores, Inc.*, No. 6:06–CV–94–ORL–28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006) (same).

"To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still 'serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant[s] intend[] to assert against Plaintiff's claims.'" *Dunning*, 2012 WL 882549, at *2 (citation omitted).

### C.    Plaintiff Incorrectly Characterizes All Additional Defenses as Affirmative Defenses.

Plaintiff's motion purports to cite legal standards Plaintiff contends are applicable to "affirmative defenses" to argue the Court should dismiss all of Defendants' Additional Defenses. As noted above, Plaintiff relies on legal standards that are not followed by this Court, but another issue is that eight of the thirteen Additional Defenses Plaintiff challenges are not affirmative defenses.

"[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Sec. & Exch. Comm'n v. Montano*, No. 6:18-CV-1606-ORL-31GJK, 2019 WL 2256520, at *1 (M.D. Fla. Jan. 7, 2019) (quoting *VP Props. & Devs., LLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016)). In contrast, defenses that "do not admit the complaint's factual allegations, but are vehicles to attack

the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken." *Id.*

### D. Each of the Additional Defenses at Issue Provides Fair Notice of Defenses That May be Raised at Trial.

For the reasons stated below, and unless otherwise noted, the Court should deny Plaintiff's motion and find that each of the Additional Defenses pled in Defendants' answer provides fair notice of a defense that may be raised at trial.

#### 1. No Infringement

Defendants' First Additional Defense asserts "Amazon does not infringe and has not infringed the asserted copyright." (Doc. 36 at 15.) The Court should deny Plaintiff's motion as to this defense and treat it as a specific denial to Plaintiff's infringement claim for which Plaintiff bears the burden of proof.

The defense directly relates to *the* primary issue in controversy (Plaintiff's copyright infringement claim), and Plaintiff does not allege that Defendants' mere assertion of this defense would confuse the issues or prejudice Plaintiff.

The authority Plaintiff relies on is distinguishable. In *Vogel v. Huntington Oaks Delaware Partners, LLC*, the court held the plausibility pleading standard applied to affirmative defenses and granted the plaintiff's motion to strike them. 291 F.R.D. 438, 442 (C.D. Cal. 2013). As noted above, this Court does not apply that pleading standard to affirmative (or other defenses). Moreover, Defendants' defense of "No Infringement" is not an affirmative defense.

10

Plaintiff incorrectly asserts that Defendants are barred from asserting this defense because the Court denied the motion to dismiss Plaintiff's copyright infringement claim. The fact that the Court found that Plaintiff plausibly pled a claim does not preclude Defendants from presenting a non-infringement defense.

## 2.    Lack of Notice

Defendants' Second Additional Defense asserts "Plaintiff did not provide timely effective notice of its claim prior to suit. If infringement occurred involving any listing on Amazon.com, Amazon's involvement was innocent and without notice or actual knowledge." (Doc. 36 at 15.) The Court should deny Plaintiff's motion as to this defense and treat it as a specific denial to Plaintiff's willful infringement claim for which Plaintiff bears the burden of proof.

The defense directly relates to an issue in controversy (whether Amazon is liable for willful infringement or if its involvement was innocent and without notice or actual knowledge), and Plaintiff does not allege that Defendants' mere assertion of this defense would confuse the issues.

Instead, Plaintiff purports to assert prejudice, arguing that Plaintiff did not have notice of Defendants' Lack of Notice defense before it was raised in the answer. But the answer is precisely the place for a defendant to provide fair notice of any defenses to be raised. The cases that Plaintiff relies upon are distinguishable because they involved instances where a party was barred from relying on an

affirmative defense that was *not* pled. *See MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 WL 2733512, at *15–16 (11th Cir. Mar. 31, 2023) (affirming district court ruling that plaintiff should not be permitted to raise an affirmative defense that was not pled); *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (petitioner did not plead estoppel affirmative defense).

### 3.    Not Liable for Acts of Third Parties

Defendants' Third Additional Defense asserts "Amazon is not liable for the alleged acts of third parties in this case." (Doc. 36 at 15.) The Court should deny Plaintiff's motion as to this defense and treat it as a specific denial to Plaintiff's vicarious and contributory infringement claims for which Plaintiff bears the burden of proof.

Plaintiff does not dispute the relevance of this defense; nor does Plaintiff contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff. Instead, Plaintiff challenges the sufficiency of how the defense is pled. Plaintiff contends that the defense fails to include the "'which' and 'who' and 'when', etc.,—the reason why" (Doc. 38 at 11–12), again relying on the heightened plausibility pleadings standard that is inapplicable to affirmative defenses (or other defenses) in this district. All that is required here is to put Plaintiff on notice of Defendants' intent to deny liability for third-party actions.

### 4.    Failure to Mitigate Damages

Defendants' Fourth Additional Defense asserts "Plaintiff's claims against Amazon, if any, are barred, in whole or in part, by failure to mitigate damages." (Doc. 36 at 16.) The Court should deny Plaintiff's motion as to this defense. Although Plaintiff is correct that it is an affirmative defense, it should not be struck because, as pled, it suffices to provide notice to Plaintiff of a potential defense that Defendants may raise at trial and there is ample time for Plaintiff to explore Defendants' contentions in discovery.

Plaintiff does not dispute the relevance of this defense; nor does Plaintiff contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff. Here again, plaintiff asserts the defense is not pled with enough detail. But as noted above, the heightened plausibility pleading standard has been rejected by this Court for affirmative defenses. *See, e.g., Aatrix Software*, 2019 WL 11648463, at *8. Further, as relevant to this defense, Plaintiff is on notice of Defendants' contentions that the majority of the sales at issue were made at his direction. (Doc. 36 at 20 (Plaintiff authorizing seven of the nine sales at issue).)

Plaintiff relies on a case in which the Court struck a failure to mitigate damages defense. (Doc. 38 at 12–13 (citing *Luxottica Group S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016)).) But more recently, the Court has declined to strike a failure to mitigate damages defense because "a bare-bones

13

statement of the intent to rely on the defense [of failure to mitigate damages] is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery." *Smith v. Osceola Cnty.*, No. 6:24-CV-1746-CEM-LHP, 2025 WL 934371, at *3 (M.D. Fla. Mar. 27, 2025) (quoting *Dzafic* 2008 WL 2950125 at *2). In this case, discovery has only begun. The Court should find as it did in *Smith*, that "[t]o the extent Plaintiff requires greater factual detail for these defenses, Plaintiff may acquire those facts through discovery." *Smith*, 2025 WL 934371, at *3 (citation and internal quotation marks omitted).

Defendants further note that the Court in *Luxottica* granted leave to amend. *Luxottica*, 198 F. Supp. 3d at 1329. If the Court sees fit to grant Plaintiff's motion as to this defense (or others), Defendants respectfully request leave to amend.

### 5.    Failure to State a Claim

Defendants' Fifth Additional Defense asserts "Plaintiff has failed to state a claim against Amazon upon which relief can be granted." (Doc. 36 at 16.) The Court should deny Plaintiff's motion as to this defense and treat it as a specific denial.

This defense is plainly related to the controversy because it attacks the sufficiency of Plaintiff's claims. And Plaintiff does not contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff.

14

Instead, Plaintiff argues that because the Court denied Defendants' motion to dismiss, it should dismiss Defendants' Failure to State a Claim defense from the answer. But motions to strike may be denied even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey*, 568 F. Supp. at 1359.

Plaintiff's reliance on out-of-circuit authority to support his argument is inapposite. This Court has declined to strike defenses asserting a failure to state a claim. *See, e.g., Smith*, 2025 WL 934371, at *2 (treating defense asserting that "the amended complaint fails to state a claim and Plaintiff is not entitled to damages" as a specific denial and declining to strike it); *Burns v. City of Cape Coral*, No. 2:10-CV-573-FTM-29DNF, 2011 WL 2222169, at *1 (M.D. Fla. June 7, 2011) (treating defense of failure to state a claim as a specific denial and denying motion to strike).

### 6.    DMCA Safe Harbor

Defendants agree to drop their Sixth Additional Defense which asserts "Plaintiff's claims, if any, are barred in whole or in part by Plaintiff's failure to provide valid notices under the DMCA," (Doc. 36 at 16), to the extent that only the product listing identified as B0C1J3B8DF and offered for sale using the Kindle Direct Publishing program is at issue.

### 7.    Statute of Limitations

Defendants agree to drop their Seventh Additional Defense which asserts that "[a]ny claim by Plaintiff is limited by the three-year statute of limitations,"

(Doc. 36 at 16), to the extent that the only copyrighted work asserted in this action is the work registered with reg. no. TX0009413427, which purports to have an April 7, 2022 "Date of 1st Publication." (Doc 38 at 24 (Exhibit 1 (Certificate of Registration)); *Cf.* Doc. 29 at Exhibit E (noting a "First Printing Edition, 2020").)[3]

## 8.    Ownership, License

Defendants' Eighth Additional Defense asserts "[o]n information and belief, Plaintiff does not own the copyright in the allegedly infringed work, and/or authorized others to make products that Plaintiff now accuses." (Doc. 36 at 16.) Although "license" is an affirmative defense (Fed. R. Civ. P. 8(c)), the Court should deny Plaintiff's motion as to the license portion of this defense because it provides sufficient notice to Plaintiff of a potential defense that Defendants may raise at trial, and ample time remains for Plaintiff to explore Defendants' contentions in discovery. The Court should treat the ownership part of this defense as a specific denial and similarly decline to strike or dismiss it.

Plaintiff does not dispute the relevance of this defense; nor does Plaintiff contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff. Plaintiff does challenge the factual basis of the ownership

---

[3] Defendants note that had Plaintiff properly filed his motion under Rule 12(f) and engaged in good faith meet and confer efforts as required by Local Rule 3.01(g), the parties could possibly have avoided motion practice regarding at least Defendants' DMCA or Statute of Limitations defenses.

16

portion of this defense, pointing to an exhibit that purports to be the Certificate of Registration for the copyrighted work with reg. no. TX0009413427. (Doc. 38 at 17.) But Plaintiff does not contend that there are no facts under which Defendants could successfully assert that the copyrighted work was *licensed*.

Plaintiff argues that "Defendants do not allege or assert any facts availing them of relief," but Defendants are not required to prove their case at this point. "Rules 8(b) and 8(c) only require parties to state their defenses." *See, e.g., Aatrix Software*, 2019 WL 11648463, at *8. Plaintiff's argument about the level of detail with which this defense is pled also fails to acknowledge less detailed statements of defenses may be "sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery." *Smith*, 2025 WL 934371, at *3. Indeed, Defendants intend to seek discovery about any authorization or license Plaintiff granted to a third party to copy or distribute the copyrighted work.

### 9. Injunctive/Equitable Relief Not Warranted; Lack of Irreparable Harm; and Adequacy of Remedy at Law

Defendants' Ninth, Twelfth, and Thirteenth Additional Defenses are related (Doc. 36 at 17–18), and the Court should deny Plaintiff's motion as to these defenses and treat them as a specific denials of Plaintiff's entitlement to injunctive/equitable relief. Each of these defenses is set forth below:

<u>**Ninth Additional Defense:**</u> "Plaintiff is not entitled to injunctive or any other equitable relief because Plaintiff has an adequate remedy at

law and because any alleged injury to Plaintiff is not immediate or irreparable."

**Twelfth Additional Defense:** "Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Amazon's actions."

**Thirteenth Additional Defense:** "The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief."

These defenses deny elements of a claim for which Plaintiff bears the burden of proof. "[U]nder 'well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief,'" including: "'(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" *Peter Letterese And Assocs., Inc. v. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

These defenses directly relate to Plaintiff's claim for injunctive relief, an equitable remedy. (Doc 29 at 14.) And Plaintiff does not contend that asserting these defenses would somehow confuse the issues or cause prejudice to Plaintiff. Moreover, Plaintiff does not state that there are no set of facts under which the Court could find that Plaintiff is not entitled to injunctive or equitable relief.

The Court should reject Plaintiff's contention that these defenses should be pled with further detail, particularly at this early stage of the case.

### 10.    Invalidity

Defendants' Tenth Additional Defense asserts "[o]n information and belief, one or more of the Registrations that Plaintiff asserts in this action are invalid. Plaintiff's copyrights are invalid for failure to meet the conditions of copyright, including but not limited to lack of originality, and/or otherwise comply with one or more provisions of Title 17 of the United States Code." (Doc. 36 at 17.) Although courts have treated copyright invalidity as an affirmative defense, (*see, e.g., Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017)), the Court should deny Plaintiff's motion as to this defense.

Plaintiff does not dispute the relevance of this defense; nor does Plaintiff contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff. Instead, Plaintiff again takes issue with the level of detail, relying on cases decided at the summary judgment stage to argue that Defendants have not sufficiently spelled out facts supporting the defense. But that is not required especially at this early stage of the case. *See, e.g., Smith*, 2025 WL 934371, at *3. Plaintiff still has ample time in discovery to explore Defendants' invalidity contentions, including those going to the originality of the copyrighted work.

### 11.    No Causation

Defendants' Eleventh Additional Defense asserts "Plaintiff's claims against

Amazon, if any, are barred, in whole or in part, because Plaintiff's damages were not caused by Amazon." (Doc. 36 at 17.) The Court should deny Plaintiff's motion as to this defense and treat it as a specific denial to Plaintiff's claims of direct copyright infringement and claim for damages under the Copyright Act.

Plaintiff does not dispute the relevance of this defense; nor does Plaintiff contend that asserting this defense would somehow confuse the issues or cause prejudice to Plaintiff. Plaintiff's argument about the level of detail with which this defense is pled again fails to acknowledge less detailed statements of defenses may be "sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery." *Smith*, 2025 WL 934371, at *3.

This Court has previously declined to strike defenses challenging causation and should similarly decline to strike or dismiss Defendants' "No Causation" defense. *See id*. at *2; *see also J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *4 (S.D. Fla. May 20, 2020).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion.

Dated: May 7, 2025                    Respectfully submitted,

                                      /s/ Todd M. Siegel
                                      Dennis D. Leone
                                      Florida Bar No. 69401
                                      dleone@shankmanleone.com
                                      SHANKMAN LEONE, P.A.

20

707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Tel: (813) 223-1099

Todd M. Siegel (*Pro Hac Vice*)
Oregon Bar No. 001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300

*Counsel for Defendants Amazon.com, Inc.*
*and Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 7, 2025 a true and correct copy of the foregoing **DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** was electronically filed with the Court and served through the CM/ECF system to all registered CM/ECF recipients.

The undersigned also certifies that a true and correct copy of **DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** was served via electronic mail and First-Class Mail to Plaintiff at the following address:

> Gilbert Roman
> 950 Woodlarks Drive
> Haines City, FL 33844
> groman2009@yahoo.com

/s/ *Todd M. Siegel*
Todd M. Siegel (*Pro Hac Vice*)
Oregon Bar No. 001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC*